(Decided 1st March, 1889.)

· JOHN HERZINGER *vs.* STATE OF MARYLAND.

*Bawdy-house—Evidence— Gist of Offence—Character of Frequenters of a House—Bill of Exception—Practice in Court of Appeals.*

Under an indictment containing two counts,—one for keeping a bawdy-house, and the other for keeping a disorderly house, testimony of a woman that once she went to the house with a man, whose name she did not know, to get something to drink; that they got a room, and remained there an hour; that she "staid with him"— the witness admitting that she understood what the phrase meant; that while there the man offered to keep her, and pay her board, and pay her something beside; that the traverser was not present, and witness did not see him,—is admissible to be considered, with other facts and circumstances, from which the jury may conclude that the house of the traverser was kept for the resort and unlawful commerce of lewd and dissolute persons.

The gist of the offence of keeping a bawdy-house, consists in keeping the house for lewd and unchaste persons, and not in the reputation of the house; and it is not necessary that the indecency or disorderly conduct of the frequenters of the house should be perceptible from the exterior of the house.

In a prosecution for keeping a bawdy-house, evidence of the bad character for chastity of the women who frequent the house, is admissible, as showing or tending to show the purpose for which the house is used.

Where a bill of exception does not state that the evidence contained therein, offered by the State in a criminal prosecution, and admitted by the Court, was the whole evidence produced to support the indictment, such will not be assumed to be the fact by the appellate Court.

APPEAL from the Criminal Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, IRVING, BRYAN, and MC-SHERRY, J.

*Thomas C. Weeks*, for the appellant.

*Charles G. Kerr, State's Attorney for Baltimore City,* and *Wm. Pinkney Whyte, Attorney-General,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

The traverser being convicted by the verdict of a jury, brings the case here on a single exception as to the admissibility of evidence. The indictment upon which a general verdict of guilty was found, contains two counts, one for keeping a *bawdy-house,* and the other for keeping a *disorderly-house.* What the whole testimony was upon which the verdict was founded, does not appear. In the bill of exception it is stated that the State produced *Edith Lewis,* who testified "that she went once with a gentleman, whose name she did not know, to the traverser's hotel, on Eden street, at 12 o'clock in the day, to get *something to*

*drink;* that they got a room and staid there an hour, and after that they went off. The witness being interrogated by the State as to whether she *staid* with her companion, and whether she understood what was meant by '*staid with him,*' answered that she did; that her companion wanted to *keep* her, and to pay her board, which was $7 per week, and give her $5 or $10 for herself. She further testified that the traverser was not present, nor did she see him during these transactions." To the admissibility of which testimony the traverser excepted; and this presents the only question in the case.

The bill of exception does not state that the evidence thus offered by the State and admitted by the Court was the whole evidence produced to support the indictment; and, in the absence of such statement in the bill of exception, this Court cannot assume that the evidence excepted to constituted the whole evidence that was produced by the State. *Wolf vs. Hauver,* 1 *Gill,* 85, 92.

The keeping of a bawdy-house constitutes at common law a common nuisance, "not only in respect of its endangering the public peace, by drawing together dissolute and debauched persons, but also in respect of its apparent tendency to corrupt the manners of both sexes, by such an open profession of lewdness." 1 *Hawk. P. C., bk.* 1, *ch.* 74, *sec.* 1; *Rosc. Cr. Ev.* (10*th Ed.,*) 823. The gist of the offence consists in keeping the house for lewd and unchaste purposes, and not in the reputation of the house; *Henson vs. State,* 62 *Md.,* 231, 234; and it is not necessary that the indecency or disorderly conduct of the frequenters of the house should be perceptible from the exterior of the house. *Reg. vs. Rice, L. Rep.,* 1 *Cr. Cas. R.,* 21; 2 *Whart. Cr. Law,* (7*th Ed.,*) *sec.* 2392. And though the charge in the indictment is made in general terms, yet evidence

Herzinger *vs.* State.

may be given of particular facts, and of the time of such facts, the offence in its nature being cumulative. *Rosc. Cr. Ev.,* (10*th Ed.,*) 823.   And in the trial of such cases it is well settled that evidence of the bad character for chastity of the women who frequent the house is admissible, as showing or tending to show the purpose for which the house is used.   *Com. vs. Gannett,* 1 *Allen,* 7 ; *State vs. Boardman,* 64 *Me.,* 523 ; *Sparks vs. State,* 59 *Ala.,* 82.   This, as we understand it, was the object of the evidence excepted to by the traverser.

The evidence excepted to could leave but little doubt of the character of the woman who went to the house of the traverser with a man, whose name she did not know, and retired to a room with him, where she remained an hour, during which time the bawdy talk occurred of which she testifies.   That the traverser was not present, and that the witness did not see him upon that occasion, was not material upon the question of the admissibility of the evidence.   The witness and her companion were furnished accommodations in the house, kept by the traverser.   The one instance of such resort, it is true, would not be sufficient to fix upon the house the character of a bawdy-house, in the legal sense of the term ; but it was a fact competent to be considered, with other facts and circumstances, from which the jury might conclude that the house of the traverser was a place kept for the resort and unlawful commerce of lewd and dissolute persons of both sexes.   There being no error, the ruling of the Court below will be affirmed.

*Ruling affirmed, and*
*cause remanded.*

(Decided 1st March, 1889.)