# ELMER E. SHAFFER vs. THE STATE OF MARYLAND.

*Criminal Law—Perjury—Sufficiency of Indictment—General Reputation of Disorderly House.*

An indictment for perjury charged that upon the trial of a certain woman for keeping a disorderly house, it was a material inquiry whether the reputation of said house was good or bad, and whether the reputation of that woman for chastity was good or bad, and that the defendant falsely swore on the trial that he did not know the reputation of the house or of the woman. The Act of 1892, ch. 522, provides, that upon the trial of any person charged with keeping a

bawdy house, evidence of the general reputation of the house shall be admissible. *Held*, upon demurrer, that the indictment was good, although it did not state that before defendant testified the prosecution had offered to show the general reputation of the house, the indictment having set forth that the reputation of the house was a material matter of inquiry at the trial.

Appeal from the Circuit Court for Allegany County.

The cause was submitted to the Court on briefs by *Benjamin A. Richmond* and *James A. McHenry* for the appellant, *Harry M. Clabaugh, Attorney-General,* for the appellee.

BRISCOE, J., delivered the opinion of the Court.

The appellant was indicted, tried and convicted of the crime of perjury, in the Circuit Court for Allegany County. The questions presented on the appeal arise upon a demurrer to the indictment which was overruled by the Court.

The assignment of errors as set forth in the indictment are: First, that the allegation in the indictment that in the trial of Martha Poole, it became material to enquire as to her general reputation for chastity, she being an inmate of said alleged bawdy house, was not a material allegation, because she being the defendant in said case and on trial in a criminal prosecution, it was not competent to submit evidence to the jury of her bad reputation until she undertook to offer evidence of her good character, and that the State's case could offer no evidence of her bad character in that trial, notwithstanding she was an inmate of said bawdy house, unless she first offered evidence of her good character.

Second, that the allegation in the indictment that in the trial of the said Martha Poole, it became material to enquire into the reputation of the house alleged to be a bawdy house, was a defective allegation because it was not competent under the statutes of Maryland admitting evidence of reputation of the house in such cases for the State to show the reputation of the house unless the State undertook to show the general reputation of the house.

Now it appears from an examination of the indictment, that it distinctly alleges, that then, upon the trial of said issue, to-wit, the charge of keeping and maintaining a certain common and ill-governed and disorderly house by the said Martha Poole, it became and was a material, competent and proper matter of inquiry in the same, whether the reputation of the said house located on Frederick street, in the city of Cumberland, Allegany County, aforesaid, kept and maintained by the said Martha Poole, was good or bad at the time alleged in the indictment aforesaid, to-wit, on or before the third day of October, in the year of our Lord eighteen hundred and ninety-six, and whether on or before the said third day of October, in the year of our Lord eighteen hundred and ninety-six, the reputation of said Martha Poole, defendant, inmate of said house, for chastity, was good or bad, and that he, the said Elmer E. Shaffer, did not know the general reputation of the said house on Frederick street, in the city of Cumberland, Allegany County, aforesaid, kept and maintained by the said Martha Poole, and that he did not know whether the reputation of the said house was good or bad and that he did not know the general reputation of the said Martha Poole for chastity, and he did not know whether their reputation for chastity was good or bad; whereas in truth and in fact, he, the said Elmer E. Shaffer, did know the general reputation of the said house in the community, and knew that the same was bad; and whereas, he, the said Elmer E. Shaffer, did know the general reputation of the said Martha Poole in the community for chastity, and did know that said reputation was bad.

This indictment sufficiently alleges the materiality of the testimony, as under some circumstances it would be material and competent. We have carefully examined the indictment and find it contains all the averments of a good and sufficient indictment for the perjury assigned. The assignment of errors speaks of the house as a bawdy house, but the indictment clearly shows that Martha Poole was tried

on the charge of keeping and maintaining a certain common, ill-governed and disorderly house. There are no bills of exceptions in the case, so we have no means of ascertaining what the evidence was in the Court below, but must confine ourselves to the averments of the indictment itself.

The law, however, is settled in this State, that upon the trial of a person for keeping a disorderly house, evidence of the general reputation of the house is inadmissible, but the general reputation of those who frequent it was admissible for the purpose of characterizing the house and showing the object of their visits. *Henson* v. *State*, 62 Md. 231; *Herzinger* v. *State*, 70 Md. 278; *Beard* v. *State*, 71 Md. 275. But since the Act of 1892, chapter 522, upon the trial of any person charged with keeping a bawdy house or house of ill-fame, it is competent for the prosecution to offer in evidence the general reputation of the house kept by the person on trial in support of the charge.

We find no error in the rulings of the Court and the judgment will be affirmed with costs.

*Judgment affirmed with costs.*