## ANDREW J. MILLER v. STATE.

No. A-1523.   Opinion Filed April 19, 1913.

(131 Pac. 181.)

1. **PERJURY—Indictment—Sufficiency.** An indictment for perjury need not set out the facts from which it will be made to appear that the alleged false testimony upon which the charge of perjury is predicated was material. It is sufficient if the express averment is made that said testimony was material to the question in issue.

2. **SAME—Materiality of Testimony—Degrees.** Upon a trial for perjury, the degree of the materiality of the testimony upon which it is based is of no importance. Any false statement made by a witness which detracts from or adds weight and force to the testimony of any witness upon matters that are directly material thereby becomes material itself and constitutes "perjury."

(Syllabus by the Court.)

*Appeal from District Court, Cherokee County;*
*John H. Pitchford, Judge.*

Andrew J. Miller was convicted of perjury, and he appeals. Affirmed.

*J. Berry King,* for appellant.

*Smith C. Matson,* Asst. Atty. Gen., for the State.

FURMAN, J. First. A demurrer was filed to the indictment upon the ground that it did not set out the facts from which it appeared that the alleged false testimony upon which the charge of perjury was predicated was material. This demurrer was overruled by the trial court. The contention is that the facts must be set out in the indictment showing the materiality of the testimony alleged to be false. With this contention we cannot agree. It would require the pleader to state all of the evidence upon which he relied. This is never necessary. It is enough on this subject for the indictment or information to allege that the testimony which is charged to be false and perjured was material in the case in which it was given. The materiality of false statements is often a mixed question of law and of fact, and the degree of its materiality is wholly immaterial. It is sufficient if it is so connected with the matter at issue as to have a legitimate tendency to prove or disprove some fact that is material.

This question has already been fully considered by the court. In considering the question as to whether or not certain testimony given before a grand jury was material, in the case of *Coleman v. State,* 6 Okla. Cr. 265, 118 Pac. 600, this court said:

"If the statement assigned as perjury could not have influenced the grand jury in determining the issue before them, it was not material; but, if the statement was made for the purpose of influencing the grand jury and was such that it might have had this effect, then it was material. It is not necessary that the matter sworn to be directly and immediately material in order to constitute the offense of perjury. It is sufficient if it is so connected with the matter at issue as to have a legitimate tendency to prove or disprove some fact that is material by giving weight or probability to or detract from

the testimony of a witness thereto. This is sufficient, and makes the testimony material. It has therefore been held that perjury may be assigned upon false statements affecting a collateral issue as to the credibility of a witness; this being material to the main issue. This was directly passed upon by the Supreme Court of Kansas in the case of *State v. Park,* 57 Kan. 432, 46 Pac. 713. The Supreme Court of that state there laid down the true rule as follows: 'To constitute perjury, the false statements must be material to the subject under consideration, or such as would tend to influence the determination of the issues to be decided. The question whether the defendant had been previously prosecuted and punished for committing grand larceny in Missouri, although in a certain sense collateral to the question on trial, can hardly be treated as immaterial. In the trial wherein false statements are alleged to have been made, Park voluntarily became a witness in his own behalf, and he was therefore subject to the same rules on cross-examination as any other witness. He having assumed the position of a witness, it was competent for the state upon cross-examination to test his veracity and credibility. It is well settled in this state that a defendant may be asked questions disclosing his past life and conduct; and the state may even go to the extent of inquiring if he has ever been convicted of the same offense as that for which he is upon trial. *State v. Pfefferle,* 36 Kan. 90, 12 Pac. 406; *State v. Probasco,* 46 Kan. 310, 26 Pac. 749; *State v. Wells,* 54 Kan. 161, 37 Pac. 1005. Not only was the statement of the witness therefore competent, but it had an important bearing upon the credit to be given to his whole testimony; and it is generally held to be perjury to swear falsely to anything affecting the credibility of the witness himself or the credibility of another witness in the case. In *Wood v. People,* 59 N. Y. 117, it is held that: "It is not necessary that the false statement tends directly to prove the issue in order to sustain an indictment for perjury. If circumstantially material, or if it tends to support and give credit to the witness in respect to the main fact, it is perjury." The Texas Court of Appeals has held that perjury may be predicated on a false answer of a witness that he had never been convicted of a felony, as such answer affects his credibility, and is therefore material to the issue. *Williams v. State,* 28 Tex. App. 301, 12 S. W. 1103. See, also, *United States v. Landsburg* (C. C.) 23 Fed. 585; *Washington v. State,* 22 Tex. App. 26, 3 S. W. 228; 2 Bishop's

New Crim. Law, sec. 1032; Clark's Crim. Law of Canada, 389; Tiffany's Crim. Law, 850.'

"The degree of materiality is of no importance. Any false statement made by a witness which detracts from or adds weight and force to the testimony as to matters that are directly material thereby becomes material itself and may constitute perjury. Section 195, 3 Greenleaf on Evi., is as follows: 'As to the materiality of the matter to which the prisoner testified, it must appear either to have been directly pertinent to the issue or point in question, or tending to increase or diminish the damages, or to induce the judge or jury to give readier credit to the substantial part of the evidence. But the degree of materiality is of no importance; for, if it tends to prove the matter in hand, it is enough, though it be but circumstantial. Thus falsehood in the statement of collateral matter, not of substance, such as the day in an action of trespass, or the kind of staff with which an assault was made, or the color of his clothes, or the like, may or may not be criminal, according as they may tend to give weight and force to other and material circumstances, or to give additional credit to the testimony of the witness himself or of some other witness in the cause. And therefore every question upon the cross-examination of a witness is said to be material. In the answer to a bill in equity matters not responsive to the bill may be material. But where the bill prays discovery of a parol agreement, which is void by the statute of frauds, and which is denied in the answer, this distinction has been taken: That, where the statute is pleaded or expressly claimed as a bar, the denial of the fact is immaterial, and therefore no perjury, but that where the statute is not set up, but the agreement is incidentally charged, as, for example in a bill for relief, the fact is material, and perjury may be assigned upon the denial.' "

That it is not necessary for an indictment for perjury to state the facts which show the materiality of false testimony was expressly decided by the territorial Supreme Court in the case of *Cutler v. Territory,* 8 Okla. 101, 56 Pac. 861. Chief Justice Burford speaking for the court there said:

"We have examined the indictment, and find that it contains all the material averments necessary to constitute a good charge of perjury, and that no error was committed in overruling the demurrer. The sufficiency of the indictment is

challenged upon the ground that it does not appear from the alleged false matter that the testimony set out was material to any issue before the court. It is now well settled by the weight of modern authority that the materiality need not be made to appear, other than by an express allegation that said matters were material to the question to be determined. This indictment expressly avers the materiality of the alleged false testimony, and is sufficient. *Rich v. U. S.,* 1 Okla. 354, 33 Pac. 804; *Stanley v. U. S.,* 1 Okla. 336, 33 Pac. 1025; *Territory v. Lockhart* [8 N. M. 523] 45 Pac. 1106; *People v. Von Tiedeman,* 120 Cal. 128, 52 Pac. 155; *State v. Sutton,* 147 Ind. 158, 46 N. E. 468; *Shaffer v. State* [87 Md. 124] 39 Atl. 313."

Mr. Bishop, in his New Criminal Procedure (volume 2, sec. 921), says:

"The materiality of the false testimony to the issue or point of inquiry being an essential element in the offense, it must be averred. *And the pleader in doing this may at his election say that it was thus material or set out facts from which its materiality in law appears.*"

In 30 Cyc., under "Perjury," p. 1435, it is said:

"It is sufficient to charge generally that the false testimony was in respect to a matter material to the issue, without setting out the facts from which such materiality appears."

The law as announced above is properly settled against defendant's contentions, and we deem it unnecessary to cite additional authorities.

Second. Upon the trial of this cause it was proven that one Blue Cromley had previously been tried in the district court of Cherokee county for murder, in which trial appellant was sworn and testified as a witness. His testimony upon the final trial was directly contradictory of statements which he had made as a witness at the preliminary trial of Blue Cromley. Being questioned about the matter, he not only denied having made such statements upon said preliminary trial, but also swore positively that he had not appeared and testified as a witness in such previous trial. It was then proven that as a matter of fact he had testified at the preliminary trial of Blue Cromley and had then testified positively to a different statement

of facts to those which he testified to upon the final trial of said Blue Cromley. This denial of his previous testimony and of the fact that he had testified at such previous trial was material, as it tended to affect his credibility as a witness upon said final trial.

We think the evidence sustains the conviction. The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.