## LEONARD CROOKSHANK v. STATE.

No. A-4945.    Opinion Filed May 23, 1925.
(236 Pac. 61.)

(Syllabus.)

**Intoxicating Liquors—Evidence of Unlawful Possession Insufficient to Sustain Conviction.** In a prosecution for unlawful possession of intoxicating liquor, evidence considered, and held insufficient to sustain a verdict and judgment of conviction.

Appeal from County Court, Carter County; M. F. Winfrey, Judge.

Leonard Crookshank was convicted of unlawful possession of intoxicating liquor, and he appeals. Reversed, and accused discharged.

Brown, Brown & Williams, for plaintiff in error.

George F. Short, Atty. Gen., and Charles Hill Johns, Asst. Atty. Gen., for the State.

DOYLE, J.   The information in this case charged that in Carter county, on the 29th day of May, 1923, the defendant, Leonard Crookshank, then and there did "have in his possession certain intoxicating liquor, to wit, twenty gallons of Choctaw beer," with the unlawful intent to sell the same.   On the trial the jury found the defendant guilty and fixed his punishment at confinement in jail for 30 days and a fine of $50.   To reverse the judgment he appeals.

The record shows that the defendant, a colored man, had lived on a farm near Woodford for more than 20 years. On the date alleged two deputy sheriffs visited his home and searched the premises, without a warrant.   Carl Holden, testified:

"We had information that he had beer, and we found 2 ten gallon cans of Choc, an empty barrel, a few bottles, and a few fruit jars in the kitchen.   The defendant was plowing cotton right up close to the house.   We poured the stuff into the hog pen."

He further testified as follows:

"Q. Did you taste this Choc too?   A. Yes, sir; I did.

"Q. State to the jury whether it was regular Choctaw beer?   A. Pure Choc; just like any Choc you get.

"Q. Would that have made a man intoxicated, Carl? A. You bet you; shore would."

Con Kiersey testified that he assisted Carl Holden in searching Crookshank's place, and they found about 20 gallons of Choc.   His further testimony is as follows:

"J. Did you taste this Choc too?   A. Yes, sir.

"Q. Would it have intoxicated a man who drank much of it?   A. I don't know.   I did not drink enough for that."

The state rested.   Counsel for the defendant moved for

a directed verdict on the ground that the evidence was insufficient to warrant a conviction; which motion was denied. For the defense four witnesses testified that they had known the defendant from 15 to 20 years, and that his reputation as a peaceable, law-abiding citizen was always good; that he had been a deacon of the church, superintendent of and teacher in the Sunday school for more than 15 years.

The testimony of the defendant in his own behalf is is as follows:

"I am a farmer; have lived in that neighborhood with my wife and five children since 1902, when the officers searched my place. I had one sow with nine pigs that I was feeding swill made from chopped corn; I had two 45-pound lard cans; the slop was in one can, and the other contained just corn chop and water; the barrel in the kitchen had contained sorghum molasses that I made last year. I never bought a package of hops, and I never made, sold, or handled any Choctaw beer or any intoxicating liquor. I was never before arrested."

Counsel for the defendant contend that the evidence is insufficient to support the verdict, and particularly that there is no proof that the liquid found upon the premises contained more than one-half of 1 per cent. of alcohol, measured by volume, or that it was fit for use for beverage purposes, or that it was intoxicating liquor.

The statute prohibits the possession of any spirituous, vinous, fermented or malt liquors, or any imitation thereof or substitute therefor, or of any liquor or compounds of any kind or description whatsoever, whether medicated or not, which contain as much as one-half of 1 per cent. of alcohol, measured by volume, with the intention of violating any of the provisions of the prohibition enforcement act. Chapter 52, art. 2, C. S. 1921.

It seems clear that two classes of liquors are dealt with in said act; the first class includes alcohol and other enumerated liquors, commonly known to be used for beverage

purposes, and the second class includes any liquors or compounds which contain as much as one-half of 1 per cent. of alcohol, measured by volume, which may be presumed to be intoxicating only when capable of being used as a beverage. In this case there is a total failure of proof that the liquid found contained more than the minimum alcoholic content allowed by law, or that it was capable of being used as a beverage.

One of the witnesses for the state testified that he tasted the liquid, but did not know whether or not it was intoxicating. The statement of the other witness for the state scarcely rises to the dignity of testimony, and his surmise is offset by the positive denial of the defendant, which is supplemented by the proof of at least four witnesses as to his good character and reputation as a law-abiding citizen.

When we recall the presumption that the law always indulges in as to the innocence of one accused, the necessity of establishing the guilt of the defendant beyond a reasonable doubt, the force and effect which, in a case of this kind should have been given to the evidence of good character, and there being no proof tending to support the charge except that obtained in an illegal way, we think it would have been a proper exercise of the power vested in the trial court to have advised the acquittal of the defendant upon the ground that the evidence was insufficient to warrant a conviction.

In our opinion, it would be destroying the presumption which arises in favor of the innocence of the accused, and permitting the subversion of the rule which requires the establishment of guilt beyond a reasonable doubt, to allow this conviction to stand.

The judgment of conviction is accordingly reversed and the defendant discharged.

BESSEY, P. J., and EDWARDS, J., concur.