## ERNEST THOMAS v. STATE.

No. A-5689.   Opinion Filed Feb. 26, 1927.
(253 Pac. 514.)

Patton & Adwon and Claude Nowlin, for plaintiff in error.

Geo. F. Short, Atty. Gen., and Leverett Edwards, Asst. Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Canadian county on a charge of subornation of perjury

and was sentenced to serve a term of five years in the state penitentiary.

The record discloses that prior to February, 1925, Ernest Thomas, the defendant, and others, were charged in the county court of Canadian county with having the unlawful possession of intoxicating liquor. This charge was based on the discovery by certain officers of a five-gallon jug of whisky buried on the Thomas farm. At the trial of that case in the county court, defendant and his codefendants produced one J. O. Dorsey, who being sworn as a witness, testified that he buried the jug of whisky where it was found. In this prosecution for perjury, it is alleged that this testimony of Dorsey was false and known by him to be false at the time, that Dorsey had not buried the whisky as he so testified, and that he was procured to give such testimony by defendant and his codefendants, knowing said testimony to be false. The information is lengthy, and we deem it unnecessary to set it out. The same rule of pleading as to the materiality of the evidence and the jurisdiction of the court applies in subornation of perjury as in perjury. 21 R. C. L. p. 276, note 5; 30 Cyc. 1440 (8).

The first contention argued by defendant is that the information is insufficient as lacking an allegation of specific facts showing the testimony of Dorsey to be material. There is, however, the direct averment that his testimony so given was material. Under numerous holdings of this court, this is sufficient. Downard v. State, 26 Okla. Cr. 274, 223 P. 718; Miller v. State, 9 Okla. Cr. 196, 131 P. 181; Cornelson v. State, 38 Okla. Cr. ...., 257 Pac. 1109.

The information is further objected to for the reason that there is no allegation that the county court had jurisdiction of the particular case in which the testi-

mony was given. Perjury in giving testimony in the trial of a case can be committed only in a court having jurisdiction of the particular case. The court, of course, takes judicial notice that the county court has jurisdiction to try misdemeanors involving a violation of the prohibitory liquor law. The mere allegation, however, that a certain case was on trial in the county court is not an allegation that the court had jurisdiction of that particular case. The information should contain an allegation that the court had jurisdiction of the case on trial, or that the officer administering the oath had authority, or facts should be alleged from which the court will take judicial notice of jurisdiction. 30 Cyc. 1430, 1431; 21 R. C. L. 267; Gray v. State, 4 Okla. Cr. 292, 111 P. 825, 32 L. R. A. (N. S.) 142; Schlumbohm v. State, 5 Okla. Cr. 36, 113 P. 235.

Complaint is next made that the court made a comment in the presence of the jury expressing his opinion of the guilt of defendant. It was the theory of the state that, prior to procuring Dorsey to testify falsely, defendant and his codefendants had arranged with one Elmer Hill to testify that he had placed the whisky where it was found, but just before the trial Hill had refused to so testify and had left the community. In the case at bar, Dorsey testified very reluctantly for the state, in a measure sustaining the state's theory that his testimony in the county court was false. In the course of this testimony, the state brought out his information concerning the transaction between defendant, his codefendants, and Elmer Hill, during which this took place:

"Q. Did Sam (referring to Sam Thomas, a codefendant) in substance, say this, that, 'I didn't think Elmer Hill would do us that way,' and did you, in return, say, 'No; I didn't either'? * * *"

Mr. Patton, counsel for defendant, here objected

for the reason that the evidence sought to be elicited was not in the presence of the defendant, and Sam Thomas, the codefendant, was not on trial. The court said:

"Well; it is not objectionable on that ground, because I think he has sufficiently proven a concerted commission of the offense by these defendants."

It has been said so often as to amount to a truism that a court should refrain from expressing any opinion in the presence of the jury as to the weight, effect, or credibility of the testimony, or upon any matter of fact which would indicate his opinion of the merits of the case or the guilt of accused. Reed v. State, 5 Okla. Cr. 365, 114 P. 1114; Shepherd v. State, 17 Okla. Cr. 630, 192 P. 238; Cosby v. State, 30 Okla. Cr. 294, 236 P. 51; Viadock v. State, 30 Okla. Cr. 374, 236 P. 56.

The statement of the court, above set out, is clearly a statement that in the opinion of the court a concerted commission of the offense by the defendants had been sufficiently proven. Whether or not the defendant committed the offense was the question at issue. It was a question of fact for the jury to determine, uninfluenced by any opinion or statement of the trial judge. There was no attempt to strike out or withdraw the objectionable statement, even if the error could have been cured by so doing. The statement was prejudicial, requiring a reversal.

Other assignments of error are argued at some length, but, since the case must be reversed, we do not deem it necessary to discuss them, as they probably will not arise upon a subsequent trial.

For the reasons assigned, the case is reversed and remanded.

DOYLE, P. J., and DAVENPORT, J., concur.