THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAMUEL LEVINE, Appellant.

First Department, February 26, 1943.

*Louis J. Lefkowitz* of counsel (*Louis J. Lefkowitz* and *Saul Price,* attorneys), for appellant.

*David Riesman, Deputy Assistant District Attorney,* of counsel (*Stanley H. Fuld, Assistant District Attorney,* with him on the brief; *Frank S. Hogan, District Attorney*), for respondent.

*Per Curiam.* Though defendant makes no complaint concerning that portion of the court's charge which permitted the jury to find defendant guilty of perjury if any one of the seven assignments stated in the indictment was supported by the evidence, he urges that the submission of the 4th, 5th, 6th and 7th assignments was error. As to these four specifications, the evidence did not support the charge of false swearing. Where the attention of the court on the trial was specifically called to the question and the court upon objection by the defendant refused to withdraw from the consideration of the jury the assignments which had not been sustained by the proof, this court cannot disregard the error. Particularly is this true since at the trial the prosecutor in effect conceded that these specifications should not be submitted to the jury. (*Wood* v. *People,* 59 N. Y. 117, 122; *People* v. *Root,* 94 App. Div. 84, 91.)

We think, too, that the court's charge was prejudicial. At the outset the court informed the jury that the Legislature had defined perjury and " they have done something about it." Then the court went on to say " And the Grand Jury has submitted this indictment to you, and they have done something about it. They accused this defendant of a crime, and the District Attorney, through the witnesses, has submitted the evidence to you. So they have done something about it, and you, as the sole and exclusive judges of the facts, must do the rest. After all, you see, the true administration of justice resides in the jury box." This language, which the court did not correct, must have given the jury the impression that the court was directing it to complete the last step in the prosecution by bringing in a verdict of guilty. Though the court also charged the jurors that they were sole and exclusive judges of the facts, we do not think the error was cured. In *People* v. *Kohn* (251 N. Y. 375, 379) the court said: " Certainly a jury, which *must* find a verdict of guilt, in obedience to instructions, is not a judge of the fact, despite all wordy assurances to the contrary voiced by the trial judge. We think that the instructions involved serious error, and that the judgment of conviction must be reversed." The court's charge

" should be the safeguard of fairness and impartiality and the guarantee of judicial indifference to individuals." (*People* v. *Odell,* 230 N. Y. 481, 487; *People* v. *Kinney,* 202 N. Y. 389, 397.)

The judgment should, accordingly, be reversed and a new trial ordered.

DORE, J. (dissenting). The People called six witnesses to establish the falsity of defendant's testimony before the grand jury. The testimony showed that on May 10th, 1941, about eleven P. M. a holdup occurred in a poolroom located on the floor above the ground floor of a building at Norfolk and Delancey streets, New York, N. Y. Four witnesses in the poolroom heard shots, which they said came from inside or one of them from the hallway just outside the poolroom door. Baumart, a police officer, heard two shots, although he was outside the building on the sidewalk across the street sixty feet away. Fifty or sixty persons in the poolroom were lined up against the wall and there was considerable commotion.

The uncontradicted proof established that defendant was just outside the poolroom door about eleven P. M. on the night in question. By his own admission before the grand jury he had entered the building at that time, had walked up one-half the stairs when he turned around, tripped as he descended, went through the plate glass door onto the sidewalk, and then entered the men's room of the bar and grill next door " to wash up." The policeman, who came over on hearing the shots, saw him crash through the door with such force that the whole glass was knocked out, and defendant came through the framework, sprawled full length across the sidewalk about six feet from the entrance, bounded up and ran north on Norfolk street running as fast as the " stickup " man who had followed him out of the premises. The officer recognized defendant, as he was known in the neighborhood. He also identified defendant at the trial.

Defendant nevertheless testified before the grand jury that he heard no shots or anything that could possibly sound like a shot, that nothing unusual happened, that he turned back on the stairs for no reason, that he saw no one on the street, heard no one follow him out, saw no one running, did not know there was a " stick-up " and heard no commotion.

There was but a single count charging defendant with perjury and within that single count seven nonenumerated specifications. No motion was made at the trial to have any of the last four specifications withdrawn on any ground. Defendant rested, did not testify or call any witnesses, made only a general motion to dismiss the indictment and, when the jury returned the general

verdict, moved to set it aside on similar general grounds. Evidence was adduced sufficient to justify the jury finding defendant guilty on all the specifications within the single count.

In *Harris* v. *People* (64 N. Y. 148), where the accused was convicted of perjury, EARL, J., said (p. 153) : " The variance was as to one of a number of distinct items as to which Harris was charged with swearing falsely, and if the jury had found that he swore falsely as to the other items, or as to any one of them, a verdict of guilty would have been proper. Where an indictment charges that the prisoner has stolen a number of articles, or has inflicted a number of blows, or has obtained goods by a number of false pretences, or has sworn falsely in an affidavit as to several facts, it is not necessary to prove all that is charged. It is sufficient to prove enough to make out the offence charged."

When the criticized portion of the charge is read, as it must be, in connection with the entire charge, I think it should be found that defendant's rights were adequately protected. After the portion of the charge quoted in the majority opinion, the court repeatedly charged the jury that they were the sole and exclusive judges of the facts; that the judge may not indicate his opinion one way or another; that the presumption of innocence goes with the defendant until every one of the jurors has determined his guilt beyond a reasonable doubt; and that the defendant is presumed to be innocent and that the entire burden of proof is on the State. Moreover at the close of the main charge the trial court at the request of defendant's counsel made no less than nine additional charges, some of them repeating in defendant's favor charges that had previously been made and all stressing defendant's rights.

The trial court in my opinion did not err in seeking to impress upon the jury the seriousness of the crime of perjury. Defendant was clearly proved guilty and the judgment of conviction should be affirmed.

TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ., concur with Per Curiam opinion; DORE, J., dissents and votes to affirm in opinion.

Judgment reversed and a new trial ordered.