## UNITED STATES v. HIRSCH.

### No. 297.

Circuit Court of Appeals, Second Circuit.

July 1, 1943.

Milton Schilback, of New York City, for appellant.

Mathias F. Correa, U. S. Atty, of New York City (Boris Kostelanetz and Paul Macdonald, Asst. U. S. Attys, both of New York City, of counsel), for appellee.

Before SWAN, CHASE, and CLARK, Circuit Judges.

SWAN, Circuit Judge.

The indictment under which the appellant was convicted charged him with testifying falsely before a grand jury that he lent $5,000 in the form of cash to one Leo Levy, when in fact he had made no

such loan. His appeal is based chiefly on the ground that such false testimony concerned a matter not material to the grand jury's investigation and therefore does not fall within the statutory definition of the crime of perjury. 18 U.S.C.A. § 231.

█ The grand jury was conducting an investigation of violations of the Anti-Racketeering Act, 18 U.S.C.A. § 420a. Before the appellant was called before it as a witness, the grand jury had discovered that in violation of the statute very large sums of money had been extorted from the moving picture industry, and indictments had been found against several persons, one of whom was Nicholas Circella. The appellant put up $25,000 cash bail for Circella, a man whom he did not know, according to his testimony before the grand jury, and consented by stipulation that $10,000 of the cash bail be retained to satisfy the fine imposed on Circella, when he pleaded guilty to the charge of conspiring with named persons and with others unknown to violate the Anti-Racketeering Act. The remaining $15,000 of the cash bail was returned to the appellant by the check of the clerk of the court dated April 17, 1942, which the appellant cashed on the following day. On June 12, 1942 he was called before the grand jury and interrogated regarding the bail transaction. With an eye to the possibility of further indictments, the grand jury was trying to ascertain what disposition had been made of moneys extorted by the racketeers and to this end attempted to discover the source of the $25,000 used to bail Circella and what the appellant did with that part of it which was returned to him. He testified that he took the $25,000 from money of his own which was in his safe deposit box, and when he received the court clerk's check for $15,000 he cashed it at a bank and replaced the cash in his box, "and some of it I have got loaned out." When pressed for details, he said he had loaned $5,000 to a friend named Leo Levy. His testimony as to this loan was a falsehood.[1] It is the sole basis of the perjury indictment. He

requested the trial judge to charge that the alleged perjurious testimony was not material to the inquiry of the grand jury, but the judge charged that it was material and that the only issues for the jury were whether it was false and wilfully so.

█ The trial court's ruling was correct. In connection with its investigation of racketeering the grand jury was trying to find out whether the cash used for Circella's bail came from money extorted by the racketeers. It was relevant and material to such inquiry to ascertain what the appellant did with the $15,000 that was not needed for Circella's fine; if he turned it over to other persons the jury might be able to connect them with the crimes under investigation. We may concede the appellant's argument that if the money really was his, whether or not he made a loan of part of it to Levy was immaterial. But the very issue was whether the money did belong to him. What he did with it was relevant to that issue. Hence his false testimony related to a matter material to the inquiry. In Carroll v. United States, 2 Cir., 16 F.2d 951, at page 953 (certiorari denied 273 U. S. 763, 47 S.Ct. 477, 71 L.Ed. 880), this court said: "The test of materiality in a grand jury's investigation is whether the false testimony has a natural effect or tendency to influence, impede, or dissuade the grand jury from pursuing its investigation, and, if it does, an indictment for perjury may be predicated upon it." The appellant's falsehood as to what disposition he made of $5,000 of the returned bail money had, in our opinion, a natural tendency to impede the grand jury's inquiry as to whether the money was his own or had been received by him from persons connected with the extortion plot under investigation. Nor does it lie with the perjurer to say that even if he had told the truth about the $5,000 loan, the jury would have failed to trace the bail money to the racketeers. See Wood v. People, 59 N.Y. 117, 122, 123; Wharton, Criminal Law, 12th ed. § 1543.

[1] When recalled before the grand jury in October 1942, he admitted that he had made no loan to Levy. His explanation of his former testimony was that the loan of $5,000 had been made to his brother Irving Hirsch, but he did not want to mention his brother's name and have him dragged into the grand jury's investigation. Such retraction could not

purge him of the crime, if he had already committed perjury. United States v. Norris, 300 U.S. 564, 574, 57 S.Ct. 535, 81 L.Ed. 808. The grand jury did not summon the brother. At the perjury trial he testified on the appellant's behalf that he had borrowed $5,000 from the appellant at the time in question.

None of the other assignments of error raised by the appellant has sufficient merit to require discussion. If the false testimony related to a material matter, as we have held it did, the appellant's guilt is clear. Therefore only a seriously prejudicial error in the conduct of the trial would justify reversal. O'Brien v. United States, 69 App.D.C. 135, 99 F.2d 368, 369; United States v. Wexler, 2 Cir., 79 F.2d 526, 530, certiorari denied 297 U.S. 703, 56 S.Ct. 384, 80 L.Ed. 991. The record discloses no error of that character.

Judgment affirmed.