## KOLKER *v.* STATE

[No. 105, September Term, 1962.]

*Decided December 6, 1962.*

The cause was argued before BRUNE, C. J., and HENDERSON, PRESCOTT, HORNEY and SYBERT, JJ.

*Robert J. Gerstung,* with whom were *Wyatt & Jones* on the brief, for appellant.

*Loring E. Hawes, Assistant Attorney General,* with whom were *Thomas B. Finan, Attorney General, William J. O'Donnell* and *E. Thomas Maxwell, Jr., State's Attorney* and *Assistant State's Attorney,* respectively, *for Baltimore City,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a conviction upon the first, second, third, fourth and fifth counts of an indictment, in a trial before the court without a jury. The appellant was sentenced to one year and a fine of $500 on each of the first, third,

fourth and fifth counts, and thirty days on the second count, all to run concurrently. The first and second counts were for keeping a bawdyhouse, and keeping a disorderly house, respectively. Both of these are common law offenses, although the penalty for the second is fixed by Code (1957), Art. 27, sec. 125. *Lutz v. State,* 167 Md. 12. The other counts were based on Code (1957), Art. 27, secs. 15 (a) and 15 (c).

The appellant contends that there was no proof of scienter on the part of the accused, and that this is a prerequisite. The State contends that at common law no scienter was necessary, since the crime was in the nature of a common nuisance or "public welfare" offense, citing *Herzinger v. State,* 70 Md. 278 as favoring the rule announced in *Commonwealth v. Cobb,* 120 Mass. 356 and *Price v. State,* 11 So. 128 (Ala.). See also *Beard v. State,* 71 Md. 275, 276. Cf. *Jenkins v. State,* 215 Md. 70, 75. The appellant relies upon a New Jersey case to the contrary. *State v. Mausert,* 89 Atl. 1011. Cf. *State v. Western Union Tel. Co.,* 97 A. 2d 480 (N. J.). For present purposes we may assume, without deciding, that scienter must be shown, at least in one of the statutory crimes set forth in sec. 15 (c) where the word "knowingly" is used. We think scienter was sufficiently shown. Cf. *Wild v. State,* 201 Md. 73, 77.

The appellant had worked in the Piccadilly night club for 27 years, and had been the proprietor for three years. He sat on an elevated platform, where he played the drums, in a three piece orchestra, with a good view of the whole room. He employed some twenty to twenty-five women, some of whom were strip tease entertainers, some of whom were hostesses who sat and drank with male patrons, some were waitresses. There was testimony from four employees that they had performed, or seen others perform, lewd acts in the darkened corners of the room, in which they remained each night from 8 P.M. to 2 A.M. The hostesses and waitresses were paid only two dollars per night. As Miss Sanders testified, "they wouldn't get any money on drinks but the guys would give them money for playing around". The "playing around" was with the male sex organs. Miss Forster testified Kolker instructed them "to sit around and if a customer don't

want you, you don't bother him. If he wants you, well then you can associate with him but for goodness sake don't shut down the place. Out of that you have to take your own." Miss Sanders testified she complained to the barmaid about an act of oral perversion she saw performed by another girl, but was told to mind her own business.

Judge Prendergast, as he stated in his written opinion, simply did not believe Kolker's testimony that he did not know what was taking place as a nightly occurrence in an atmosphere calculated to excite sexual passions in the clientele. We cannot find that he was clearly wrong. As Judge Markell said in *Hayette v. State,* 199 Md. 140, 145: "on questions of scienter reason for disbelieving evidence denying scienter may also justify finding scienter."

The appellant contends that even if there were enough evidence to charge him with knowledge of what went on, he cannot be convicted on the uncorroborated testimony of accomplices. The State contends that the four employees who testified for the State were not accomplices, since they could not have been charged with the same offense as the proprietor. Here again, we need not answer the question, because we think there was corroboration on enough material points. Cf. *Gray v. State,* 224 Md. 308, *Forrester v. State,* 224 Md. 337 and *Nolan v. State,* 213 Md. 298. The testimony of the two witnesses who admitted committing lewd acts was corroborated by the testimony of other witnesses who testified as to what they saw, although they did not admit ever having committed the acts themselves. Further corroboration is found in the admissions of the appellant himself, that he had had long experience in the night club operations, that he personally hired, continually watched and supervised all of the female employees, whom he paid a trivial salary. It may be inferred that he expected, indeed instructed, the employees to "entertain" the customers and receive remuneration therefor, and that he was well aware of the nature of the acts performed.

*Judgments affirmed, with costs.*