## SULLIVAN *v.* UNITED STATES.

No. 64.   Argued November 8, 1954.—Decided December 6, 1954.

*Llewellyn A. Luce* argued the cause for petitioner. With him on the brief was *Walter H. Maloney.*

*Charles F. Barber* argued the cause for the United States.   With him on the brief were *Solicitor General Sobeloff, Assistant Attorney General Holland, Ellis N. Slack, David L. Luce, Joseph M. Howard* and *Harold S. Larsen.*

MR. JUSTICE MINTON delivered the opinion of the Court.

Upon pleas of *nolo contendere,* the petitioner was found guilty of violating the income tax laws by making and filing false and fraudulent returns.   The District Court

sentenced him to three years' imprisonment and fined him $13,000. The Court of Appeals affirmed, 212 F. 2d 125, and we granted certiorari, 347 U. S. 1010.

On February 28, 1952, a duly constituted grand jury for the District of Kansas indicted the petitioner on four counts for false and fraudulent statements in his individual tax returns and on two counts in another indictment for false and fraudulent returns of the Central Theatre Co., a corporation of which he was president. To these indictments the petitioner entered pleas of not guilty. He later withdrew these pleas, and to two counts of the indictment on his individual returns and to one count on the corporation returns, he entered pleas of *nolo contendere*. The other counts were dismissed.

Before the pleas of *nolo contendere* were entered, petitioner had filed motions to dismiss the indictments because the evidence upon which they were based was presented to the grand jury by the District Attorney without direction to do so by the Attorney General's office. These motions were overruled after argument and time for briefing. This presents the first question, namely, were the indictments faulty because, without sanction by the Attorney General's office, the District Attorney offered evidence to the grand jury upon which the indictments were returned? It is first contended by petitioner that, pursuant to 26 U. S. C. § 3740,[1] the indictments could not be returned without authorization by that office. We agree with the Court of Appeals that this section applies only to civil suits and not to criminal proceedings. In the absence of words in their context requiring a different conclusion, the phrase "suits for recovery" ordinarily means civil suits and not criminal

---

[1] "No suit for the recovery of taxes, or of any fine, penalty, or forfeiture, shall be commenced unless the Commissioner authorizes ·or sanctions the proceedings and the Attorney General directs that the suit be commenced."

prosecutions. *Hepner* v. *United States,* 213 U. S. 103, 105–109; *Stockwell* v. *United States,* 13 Wall. 531, 542–543. One "recovers" in a civil action but prosecutes and punishes in a criminal proceeding.

The further contention is made that § 5 of Executive Order No. 6166,[2] and Circular Letter No. 2431 of the Department of Justice,[3] required approval from the Attorney General's office before any evidence could be presented to the grand jury and that such direction was not given. It is admitted that no authorization was received from the Attorney General's office to present the evidence to the grand jury in the instant case; nor does the record reveal clearly that an emergency existed. Apparently none was reported to the Department of Justice as required by Circular Letter No. 2431.

---

[2] "The functions of prosecuting in the courts of the United States claims and demands by, and offenses against, the Government of the United States and of defending claims and demands against the Government, and of supervising the work of United States attorneys, marshals, and clerks in connection therewith, now exercised by any agency or officer, are transferred to the Department of Justice.

"As to any case referred to the Department of Justice for prosecution or defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice.

"For the exercise of such of his functions as are not transferred to the Department of Justice by the foregoing two paragraphs, the Solicitor of the Treasury is transferred from the Department of Justice to the Treasury Department.

"Nothing in this section shall be construed to affect the function of any agency or officer with respect to cases at any stage prior to reference to the Department of Justice for prosecution or defense." Promulgated June 10, 1933, 5 U. S. C. §§ 124–132.

[3] "In accordance therewith, all United States Attorneys are directed to present evidence to a grand jury concerning violations of revenue laws of the United States only when authorized to do so by this office, unless an emergency calls for immediate action, in which event a full report should promptly be submitted." August 10, 1933.

Prior to Executive Order No. 6166, prosecutions for the violation of internal revenue laws were often referred directly to United States District Attorneys for presentation to grand juries. The purpose of § 5 of Executive Order No. 6166, among other things, was to transfer responsibility for the prosecution of criminal proceedings and suits by or against the United States in civil matters to the Department of Justice.

It was not the purpose of the Executive Order to direct how the responsibility should be exercised but to fix it in the Department of Justice. How that responsibility was to be discharged was a matter for the Department. To make the system uniform, Circular Letter No. 2431 was sent to all District Attorneys. It was never promulgated as a regulation of the Department and published in the Federal Register. It was simply a housekeeping provision of the Department and was not intended to curtail or limit the well-recognized power of the grand jury to consider and investigate any alleged crime within its jurisdiction. See *United States* v. *Thompson,* 251 U. S. 407, 413–415; *Blair* v. *United States,* 250 U. S. 273, 282; *Hale* v. *Henkel,* 201 U. S. 43, 61–66; *Frisbie* v. *United States,* 157 U. S. 160, 163.

Therefore, it is not contended that, aside from the Executive Order and the departmental letter, a grand jury may not consider evidence of crime known to the grand jurors or revealed by their investigation. It is only urged that the Executive Order and the departmental letter limited the action of the grand jury in respect to cases concerning violations of internal revenue laws. We hold that the Order and the letter had no such restrictive effect, and that the grand jury in this case was free to consider the evidence put before it by Government counsel without authorization from the Attorney General's office in Washington. The evidence was presented by the District Attorney, who was a representative of the Depart-

ment of Justice, notwithstanding that he failed to comply with the departmental directive. For this he is answerable to the Department, but his action before the grand jury was not subject to attack by one indicted by the grand jury on such evidence. The motions to dismiss were properly overruled.

Three days after judgment had been pronounced finding the petitioner guilty under his pleas of *nolo contendere* and sentences passed, the petitioner filed a motion asking for leave to withdraw his pleas. Later he filed an amended motion to withdraw the pleas and a petition for probation. In his motion to withdraw the pleas, he gave the following reasons, (1) because of manifest injustice, (2) because he had entered his pleas under the mistaken belief, induced by the acts and statements of Government counsel, that he would be placed on probation, and (3) because of misconduct of the District Attorney. The District Court, after hearing argument, denied the motion and the petition for probation and filed its findings of fact, although there apparently was no request for them.[4] Under Rule 32 (d)[5] a defendant may, after sentence, withdraw a plea of *nolo contendere* to correct manifest injustice. It is this provision that petitioner relies upon. He claims he was somehow misled by Government counsel to believe that if he entered the pleas of *nolo contendere* he would receive probation. By the court's findings, which, in light of the evidence, raise not a doubt, it is settled that the court in no way

---

[4] See Rule 23 (c), Fed. Rules Crim. Proc.

[5] "WITHDRAWAL OF PLEA OF GUILTY. A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea." Rule 32 (d), Fed. Rules Crim. Proc.

misled the petitioner and that Government counsel made no promises of leniency or probation.[6]

Petitioner argues that the United States Attorney misled him because his statement to the court during the hearing for probation was stronger than petitioner and his counsel expected. No exception was taken to anything the District Attorney said, nor was any complaint made about such statement until after sentence was pronounced. We have read this statement and the affidavits of both counsel. The statement was factual, dispassionate and fair. The petitioner has failed to show any "manifest injustice" as required by Rule 32 (d). During all of the proceedings from arraignment to denial of petition for probation, petitioner was represented by able and experienced counsel. In our opinion they were not and could not have been misled by the action and statements of Government counsel. The judgment is

*Affirmed.*

---

[6] "At the June 23 hearing, the court specifically inquired of defendant's counsel as to whether any remark or statement made by the court to defendant's counsel had influenced them in advising the defendant to enter the pleas above mentioned. The court was assured by defendant's counsel and now finds that no statement of the court made to defendant's counsel or in the presence of defendant influenced the defendant's entrance of his pleas of nolo contendere.

"The court further finds that no promise of probation or lenience was made, either to the defendant personally or to his counsel by the United States Attorney or his assistant who handled the prosecution for the Government." Findings 9 and 10, R. 91–92.