**UNITED STATES of America**

v.

**David PACK.**

**UNITED STATES of America**

v.

**Harry PACK.**

**Crim. A. Nos. 757, 837, 758, 838.**

United States District Court
District of Delaware.

Feb. 14, 1957.

See also 146 F.Supp. 367.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., and Fred G. Folsom, Washington, D. C., for plaintiff.

S. Samuel Arsht and William S. Megonigal, Jr., of Morris, Steel, Nichols & Arsht, Wilmington, Del., for defendants.

RODNEY, District Judge.

The two defendants have been indicted for filing false and fraudulent income tax returns for 1945 and 1946. They are two of three brothers who have organized three partnerships operating in two states to carry on the raising and processing of chickens on a large scale.

Before discussing the legal issues before the Court, it will be of assistance to record the course of the litigation to date. On February 29, 1952, defendants were indicted for filing false and fraudulent income tax returns for 1945. On March 12, 1952, defendants filed motions for bills of particulars under Criminal Rule 7(f), 18 U.S.C. The motion was granted forthwith and the government supplied a bill of particulars. On May 7, 1953, defendants moved for suppression of evidence in the 1945 cases. On June 15, 1953, defendants were indicted

for filing false and fraudulent income tax returns for 1946 and based on a complaint filed March 11, 1953. On July 3, 1953, motions were made for bills of particulars in the 1946 cases, and on July 9, 1953, motions were made for suppression of evidence in the 1946 cases. On September 16, 1953, motions were made for further bills of particulars on the 1945 cases. On September 11, 1953, defendants filed motions to dismiss the 1946 cases on the ground that the indictments were not found within 6 years after the alleged offense. On September 29, 1953, the government and the defendants agreed that the motions for suppression of evidence would be determined before action on any of the other motions. On March 16, 1956, this Court filed an opinion, 140 F.Supp. 121, granting defendants' motion for suppression of certain evidence in both cases for both years and subsequently an order was entered thereon. On January 9, 1957, defendants filed what they termed a motion for a speedy trial and this and other motions are now before the Court.

During the argument before the Court, government's counsel freely admitted the present difficulties of the government. The government declares that, due to the suppression of evidence, it would be unable to respond to any order for a bill of particulars, that it is not ready for trial and does not foresee any time in the future when it will be ready for trial. In fact, the government has indicated a hope that the Court will dismiss these cases so that it may make an effort to appeal this Court's suppression of evidence order.

The defendants press with equal vigor all of their motions before the Court: (1) Dismissal of the 1946 actions because the alleged improper filing of the complaint did not toll the statute of limitations, (2) The right to a bill of particulars in the 1946 cases, and a further bill of particulars in the 1945 cases, (3) Their right to a speedy trial.

1. Defendants move for the dismissal of the 1946 cases basing their argument on their construction of the Internal Revenue Code of 1939,[1] which provides for a six-year limitation upon indictments in cases of this nature, but also provides that where a complaint is filed within the six-year period "the time shall be extended until the discharge of the grand jury at its next session within the district." The government freely admits that at the time of filing the complaint it had not finally determined whether to seek an indictment. The defendants assert that the lack of such final determination is ineffective to toll the running of the statute of limitations.

 A reading of the above cited section precludes any rational discussion of the tolling of the statute of limitations. The section provides that the limitation under the circumstances, "shall be extended." It is clear that Congress may establish whatever limitation upon criminal actions it considers suitable, subject only to the Constitutional right to a speedy trial which is not here in question. It is equally apparent that Congress may provide that such limitation may be extended under certain circumstances. No reason appears why the thought suggested by defendants should be added to the clear wording of the statute. On the contrary Title 18 U.S.C. § 594 (1940) * provided that a United States Attorney, Assistant United States Attorney, a Collector, or Deputy Collector of Internal Revenue or a Revenue Agent, or even a private citizen with approval of the United States Attorney may file a complaint. It is patently impossible to argue that all of the above persons may bind the government absolutely to the seeking of an indictment or to argue that all of the above persons are in a position to determine that the government has made a final decision as to seeking an indictment.[2] The present mo-

1. 26 U.S.C. § 3748.

* Now 18 U.S.C. § 3045.

2. See Sullivan v. United States, 1954, 348 U.S. 170, 75 S.Ct. 182, 99 L.Ed. 210.

tion to dismiss the 1946 cases for the given cause is denied.

■ 2. Defendants request a bill of particulars for the 1946 cases and a further bill of particulars for the 1945 cases. The government objects and urges that the indictments are clear and sufficient on their face. The purpose of bills of particulars is to prevent surprise and to save the defendant from undue labor in the preparation of his case. In view of the clearly indicated complex nature of the defendant's financial affairs, this Court is not prepared to say that the defendants have been sufficiently apprised of the specific nature of the charges against them. An indictment for false and fraudulent tax returns may require a bill of particulars and a failure to require it may even be reversible error.[3] This Court has been informed that the government will not—because it cannot—comply with any order for a bill of particulars for 1946 or further bill of particulars for 1945. Under the circumstances this Court will not issue an order which it knows cannot be fulfilled or executed. To do so would merely expose its processes to contempt. Because of the disposition of this case, as indicated below, the Court declines to rule on this motion at this time.

■ 3. The defendants demand a speedy trial, but have not moved for a dismissal of the cases. The government declines to move for a dismissal but nevertheless indicated a hope that the cases will be dismissed. The right to a speedy trial, of course, is guaranteed by the Sixth Amendment to the United States Constitution. However, the right is not an unqualified privilege to demand immediate trial in all instances. More correctly, the rule may be stated thus: The defendant in each case, upon his demand, is entitled to a speedy settlement of the charges made against him [4] under the circumstances in each case.

To assert that a defendant, having been indicted, has an absolute right to trial rather than a dismissal of the indictment would suggest that Criminal Rule 48(a) permitting the United States Attorney to dismiss with the approval of the court is invalid and would deny decisions finding in the court itself an inherent power to dismiss.[5] It is established then that the court may dismiss a case upon request of the government and without the consent of the defendant, Criminal Rule 48(a) and upon request of the defendant and without consent of the government. May the court dismiss a case without the formal request of either? The case appears to be one of first impression, but Criminal Rule 48(b) appears to give a clear answer to the question. While Criminal Rule 48(a) provides for filing of a motion by the government and protection of the defendant after the beginning of trial, Rule 48(b) makes no mention whatsoever of a requisite motion. The Advisory Committee in commenting on this subsection wrote: "This rule is a restatement of the inherent power of the court to dismiss a case for want of prosecution." citing Ex parte Altman. If the court is to dismiss an indictment without motion of either party, it is clear that such power should be exercised with caution. Under some circumstances it may be that defendant would be prejudiced if the government could reindict years later to the detriment of the defendant. Nevertheless, the court itself has a direct interest in the proceedings before it, and that interest is entitled to consideration. It is not in furtherance of the proper administration of justice that this Court participate in the mere form of impaneling a jury and proceeding to trial when the only action will be to reassert the prior

3. Singer v. United States, 3 Cir., 58 F.2d 74.

4. Ex parte Pickerill, D.C.N.D.Tex.1942, 44 F.Supp. 741.

5. Ex parte Altman, D.C.S.D.Cal.1940, 34 F.Supp. 106; United States v. Alagia, D.C.Del.1955, 17 F.R.D. 15.

ruling suppressing the government's evidence and the government admits it has no other substantial evidence to be produced.

■■ This Court can find no prejudice which may accrue to the defendants nor to the government by a dismissal of these cases by the Court on its own motion, for want of prosecution. It is now eleven and twelve years since the date of the alleged crimes, it is almost five years since the first indictment and over three and a half years since the second. Unless these cases are dismissed, the Court on the motions before it must either act out the travesty requested by the defendants or again postpone the case, which, the government admits, will not be ready for trial in the foreseeable future. Neither alternative is acceptable.

This Court, by its order of suppression of evidence, has taken from the government the use of all evidence derived from the defendants' books, papers, personal interviews, and other transactions, and the government concedes it has no other substantial evidence in the case. This Court adheres to its view that, under the pertinent law and facts, the order of suppression was proper. Under present circumstances it would seem that the correctness of this Court's conclusion could not be reviewed. The proper administration of justice requires that in an important matter the correctness of legal conclusions may be reviewed for no defendant can acquire valid rights from an erroneous legal conclusion.

Having in mind that the matter has been long delayed and that the government concedes that at no time in the foreseeable future it would have any evidence, other than that suppressed, sufficient to bring on the trial, so I am of the opinion that pursuant to Rule 48 (b) of the Federal Rules of Criminal Procedure the four cases should now be dismissed.[6]

6. This was the course pursued by the District Court as reported in United States v. Janitz, 3 Cir., 161 F.2d 19.