Ambrose M. HASSO and Alyce N. Hasso, husband and wife, et al., Plaintiffs,

v.

RETAIL CREDIT COMPANY, Defendant.

Misc. No. 63.

United States District Court, D. Delaware.

May 27, 1971.

Charles K. Keil of Bayard, Brill & Handelman, Wilmington, Del., and A. Grant Sprecher of Obermayer, Rebman, Maxwell & Hippel, Philadelphia, Pa., of counsel, for Retail Credit Co.

William E. Taylor, Jr. of Taylor, Lindh, Paul & Biden, Wilmington, Del., for Herbert Steigler, the proposed deponent.

## MEMORANDUM OPINION AND ORDER

LATCHUM, District Judge.

In this proceeding, Retail Credit Company ("Retail Credit") has moved for an order allowing it to take the oral deposition of Herbert Steigler, a state prisoner confined in the Delaware Correctional Center at Smyrna, Delaware, and for a writ of *habeas corpus ad testificandum* to accomplish this.

The facts relevant to this application appear as follows: Ambrose M. Hasso and the other above named plaintiffs have brought an action against Retail Credit in the United States District Court for the Eastern District of Pennsylvania.[1] Apparently, the plaintiffs seek a monetary recovery from Retail Credit for damages allegedly sustained as a result of false and defamatory information published in credit reports released by Retail Credit. Judge Troutman of the Eastern District of Pennsylvania, upon application of Retail Credit, entered an order on February 18, 1971 which provided in part as follows:

"* * * it appearing to the Court that the said witness has or may have knowledge of material facts and that his testimony is necessary to aid defendant in preparing for trial. IT IS ORDERED that good cause has been shown for the taking of the deposition of Herbert Steigler and same may be taken subject to approval of and on conditions imposed by the Court having jurisdiction of his person and/or the institution at which he is or may be confined."

Retail Credit thereafter applied to this Court for an appropriate order and writ to enable it to take Steigler's sworn testimony upon oral deposition. Notice was given to Steigler's attorney and a hearing on the application was held on May 21, 1971. At the hearing counsel for Retail Credit represented that he believed that Steigler would testify (1) that while Steigler was engaged in business he had read the credit report in question but had paid no attention to it, and (2) that in spite of the contents of the report he had hired Hasso to work for him. Counsel for Retail Credit further represented that such testimony would tend to lessen the amount of damages which might be awarded in the Philadelphia suit.

Steigler is presently confined in the Delaware Correctional Center under a sentence of death. In 1970 Steigler was convicted in the Delaware Superior Court of three charges of murder in the first degree and one charge of assault with intent to commit murder. His convictions were affirmed by the Delaware Supreme Court on February 16, 1971[2] and the case is currently on appeal to the United States Supreme Court.

Steigler and his attorney have steadfastly refused to agree to the request of

---

1. Ambrose Hasso et al. v. Retail Credit Company, Civil Action No. 68–699.

2. See Steigler v. State, 277 A.2d 662 (Del. Supr.1971).

Retail Credit that Steigler voluntarily give his deposition. At the hearing Steigler's attorney vigorously opposed the present application and during argument unequivocally represented that, even if the Court ordered the deposition to be taken, Steigler would refuse to answer *any* and *all* questions put to him by Retail Credit. According to counsel, Steigler would first refuse to answer each question asked on the ground that the answer might incriminate him in some manner. Counsel further stated that even if it were determined that the self incrimination ground was baseless, Steigler would still refuse to answer. It was made quite clear that regardless of whether or not valid legal grounds existed for his refusal to answer and in spite of any possible consequences of his refusal, Steigler would not answer any questions put to him. The Court accepts as accurate these representations, made by Steigler's attorney, an officer of this Court.[3]

■ The issuance of a writ of *habeas corpus ad testificandum* for the purpose of taking an oral deposition is a matter within the Court's discretion. In re Thaw, 166 F. 71, 75 (C.A. 3, 1908); United States v. Reed, 413 F.2d 338, 341 (C.A. 10, 1969), cert. den. sub nom. Sartain v. United States, 397 U.S. 954, 90 S.Ct. 982, 25 L.Ed.2d 137 (1970); Cuckovich v. United States, 170 F.2d 89, 90 (C.A. 6, 1948), cert. den. 336 U.S. 905, 69 S.Ct. 484, 93 L.Ed. 1070 (1949). Since it clearly appears that Steigler will not respond to any questions put to him, it would be a futile and useless act for this Court to grant Retail Credit's request and put the parties and the State to needless expense and effort.

■ If the application were granted and Steigler refused to give his deposition, this Court would be powerless to enforce its order through the contempt process. Steigler is already imprisoned for non-bailable offenses and is awaiting execution of the death penalty. This Court could not impose any greater penalty upon Steigler for his refusal to testify than that which he already faces. Since Steigler is indigent, a fine would have no effect. Undoubtedly, the present situation was one of the reasons for the statement in 4 Moore, Federal Practice (2 ed. 1970) ¶ 30.56 p. 30–76:

> "The writ [habeas corpus ad testificandum] is issued in the discretion of the court, and where the prisoner is confined under sentence of death, courts will nearly always decline its issuance."

■ In view of Steigler's unequivocal representation that he will refuse to testify concerning *any* matter, the Court concludes that it would be a futile and useless act to grant the defendant's application, since the Court lacks any effective leverage to compel him to testify. The Court will not issue an order which it knows cannot be fulfilled or executed. United States v. Pack, 20 F.R.D. 209, 212 (D.Del.1957), appeal dismissed 247 F.2d 168 (C.A. 3, 1957); First National Bank of Colorado Springs, Colo. v. United States, 30 F.Supp. 730, 731 (D.D.C. 1939); Cf. Murdock v. United States, 283 F.2d 585 (C.A. 10, 1960), cert. den. 366 U.S. 953, 81 S.Ct. 1910, 6 L.Ed.2d 1246 (1961).

### ORDER

Accordingly, for the reasons stated, it is ordered that the defendant's motion is hereby denied.

---

3. The Court was also advised by Steigler's attorney that Steigler has refused to discuss any phase of his life or any aspect of his conduct with any person since he has been under sentence of death. In addition, he has refused to give an interview to agents of the Internal Revenue Service.