In the Matter of APPLICATION TO QUASH GRAND JURY SUBPOENA SERVED UPON LOCAL 806, GENERAL TEAMSTER INDUSTRIAL EMPLOYEES, IBT, Petitioner.

No. 74 C 1421.

United States District Court,
E. D. New York.

Nov. 6, 1974.

Herbert A. Simon, Valley Stream, N. Y., for plaintiff.

David G. Trager, U. S. Atty., by D. McCaffrey, Asst. U. S. Atty., for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

Petitioner moves for an order quashing a Grand Jury Subpoena on the grounds that the subpoena (i) is too broad and sweeping, (ii) was contrary to the policies and procedures heretofore established by the United States Department of Labor, and (iii) represents "an abuse of process, an unlawful search and seizure, as well as a violation of due process * * * [and the examination involved herein] was commenced on the basis of misrepresentation by either the United States Department of Labor or the Justice Department or

both, the latter ground as hereinafter indicated being belatedly advanced in petitioner's reply papers.

On the oral argument counsel for the petitioner withdrew the first of such grounds conceding that the subpoena was reasonable in its scope.

In its reply papers in support of its motion petitioner submitted an affidavit of its accountant, Stanley Geller, who averred that on or about May 13, 1974, when he was at petitioner's premises in Elmhurst, New York, Messrs. Joseph Kissane and Martin Becker entered the premises and that he knew Mr. Becker to be a representative of the United States Department of Labor. He further states that "[t]hey informed me that they were there for the purpose of conducting an audit of the LM2 reports filed by Local 806 for the years 1972 and 1973 [and] identified themselves as representatives of the United States Department of Labor". Mr. Becker produced his identification card while Mr. Kissane advised him of his identification number but claimed he did not have his card with him. Moreover, he states that "[n]either one of these men advised me that they were assigned to this audit by the United States Department of Justice or that they were agents of the Department of Justice assigned to the Strike Force."

In an answering affidavit to petitioner's original motion papers, Special Attorney of the Department of Justice, Donald F. McCaffrey, states that "Compliance Officer Joseph Kissane is an investigator of the United States Department of Labor assigned to the Strike Force program of the Department of Justice" and that petitioner "was one of a number of union locals scheduled for examination as part of the Justice Department's anti-racketeering program." He further states that "[a] preliminary examination of certain records of local 806 by Mr. Kissane led him to the belief that there may have been an embezzlement of union funds, constituting a violation of Title 29, United States Code, Section 501(c)."

Upon being advised of such possible violation Special Attorney McCaffrey procured the issuance of the Grand Jury Subpoena Duces Tecum in question requiring the production of certain specified books and records for the Grand Jury on October 7, 1974. Petitioner's primary reason for quashing the Grand Jury Subpoena is that petitioner was entitled to "the safeguards established by the Administrative Procedure Act", including a hearing, findings and examination of witnesses, before the matter was referred by the Secretary of Labor to the Department of Justice for presentation to the Grand Jury. In addition, as indicated above in the last page of its Reply Brief the petitioner raised the question of "unlawful search and seizure," "violation of due process" and commencement of the investigation "on the basis of misrepresentation by either the United States Department of Labor or the Justice Department or both."

On the primary ground, this Court has little difficulty in denying petitioner's motion.

Petitioner's argument seems to be that since the investigation that was undertaken by Messrs. Becker and Kissane was for the apparent purpose "of conducting an audit of the LM2 reports filed by Local 806 for the years 1972 and 1973", the same must have arisen under Title 2 of the Labor Management Reporting and Disclosure Act of 1959 (29 U.S.C. § 401 et seq.) and hence such investigation must have been under the jurisdiction of the Department of Labor (Memorandum of Understanding between Departments of Justice and Labor, February 19, 1960, Para. 2(a) 1) and accordingly all of the safeguards established by the Administrative Procedure Act should have been first complied with (including hearings, findings and examinations of witnesses) before the Secretary of Labor referred the matter for prosecution to the Department of Justice.

■ In the first place, the so-called safeguards established by the Administrative Procedure Act would appear to

be mandatory, if at all, only in the case of administrative action. (*Cf:* United States v. Goldstein, 342 F.Supp. 661, at pp. 663–668 (E.D.N.Y.1972)).

■ In the second place, the aforesaid Memorandum of Understanding would not appear to this Court to be for the benefit of potential defendants or actual defendants and would in no event have any restrictive effect upon the grand jury or its investigation. Sullivan v. United States, 348 U.S. 170, 174, 75 S.Ct. 182, 185, 75 S.Ct. 182, 99 L.Ed. 210 (1954), and United States v. Goldstein, *supra.*

Finally, as the Court of Appeals stated in United States v. Bukowski, 435 F.2d 1094, 1103 (7th Cir. 1970), cert. denied, 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971):

> " . . . The grand jury holds broad powers of inquiry into any conduct possibly violating federal criminal law. . . . It proceeds without need of any prior formal charge against any particular individual."

In the matter at bar, the Grand Jury's subpoena power would seem to be unfettered and unlimited by any federal departmental agreements with respect to responsibility for prosecution of any federal crimes. The statutory provision cited by the petitioner (29 U.S.C. § 527) does not conflict with this conclusion. In such Section it is provided that:

> "In order to avoid unnecessary expense and duplication of functions among Government agencies, the Secretary (of Labor) may make such arrangements or agreements for cooperation or mutual assistance in the performance of his functions under this chapter and the functions of any such agency as he may find to be practicable and consistent with law. The Secretary may utilize the facilities or services of any department, agency, or establishment of the United States * * * and each department, agency, or establishment of the United States is authorized

and directed to cooperate with the Secretary * * *. The Attorney General or his representative shall receive from the Secretary for appropriate action such evidence developed in the performance of his functions under this chapter as may be found to warrant consideration for criminal prosecution under the provisions of this chapter or other Federal law."

Pursuant to this Section, in this case the Secretary apparently "assigned" to the Strike Force program of the Department of Justice one of his investigators, viz: Compliance Officer Joseph Kissane. In such investigator's preliminary examination of said records of the petitioner he found evidence which led him to believe that there may have been an embezzlement of union funds in violation of Title 29, United States Code, Section 501(c).

Under the Memorandum of Understanding between the Departments of Justice and Labor, investigation of any such violation is prescribed to be conducted by the Department of Justice.

Accordingly, there would appear to be no basis whatsoever for this part of petitioner's motion.

■ Normally the matter would end there. However, as noted above, petitioner at the very end of its Reply Brief and in its Affidavit of its accountant served therewith, sworn to October 24, 1974, raised the additional questions of "unlawful search and seizure", "violation of due process" and "misrepresentation by either the United States Department of Labor or the Justice Department or both."

Customarily such questions are and should be raised by a motion to suppress evidence on the indicated grounds pursuant to FRCrP 41(e). In view of the fact that the petitioner's motion was not so made and such grounds were only indirectly and very belatedly offered without an adequate opportunity for the government to address any answer thereto, the Court declines to pass upon such questions at this time.

In view of the foregoing, petitioner's motion to quash is denied without prejudice to its right to move to suppress in the event that it believes the facts and circumstances herein warrant such a motion.

So ordered.