Samuel E. HALEY, Jr., Petitioner,

v.

UNITED STATES of America,
Respondent.

No. 74 CV 394 W-4.

United States District Court,
W. D. Missouri, W. D.

June 3, 1975.

Reginald C. Giffin, Kansas City, Mo., for petitioner.

Robert G. Ulrich, Asst. U. S. Atty., Kansas City, Mo., for respondent.

## MEMORANDUM AND ORDER

ELMO B. HUNTER, District Judge.

This is a motion under the provisions of 28 U.S.C. § 2255 in which petitioner Haley seeks to vacate judgment of conviction and set aside his resulting sentence arising out of a conviction for violation of Title 18 Appendix, United States Code, Section 1202(a)(1) in United States v. Haley, No. 73–CR–144–W–4. In that case defendant Haley was convicted after a full jury trial on October 23, 1973, and sentenced to a term of incarceration of two years, said term to run consecutively to a sentence imposed by the State of Missouri resulting out of

a conviction for carrying a concealed weapon in Saline County, Missouri. Defendant Haley's conviction in case 73–CR–144–W–4 was affirmed in July of 1974 by the United States Court of Appeals for the Eighth Circuit, 500 F.2d 302 (1974).

In support of his motion, petitioner asserts that his prosecution in this Court for the violation of 18 Appendix U.S.C. § 1202(a)(1) violated a Department of Justice policy against double state-federal prosecutions. The essence of this contention is that the Department of Justice has adopted a policy to prevent, without authorization from the Department, prosecutions by federal officials of individuals for acts which have previously resulted in successful prosecutions by state authorities. In the context of this case, petitioner Haley states that he was prosecuted successfully by the State of Missouri for the same acts for which he was charged in case 73–CR–144–W–4, and that no authorization was obtained from the Department of Justice for the prosecution of him in case 73–CR–144–W–4.[1]

In order to develop information to substantiate this claim, petitioner Haley filed interrogatories directed toward the respondent. These interrogatories request the United States to advise whether, on and before the date of petitioner's indictment in case 73–CR–144–W–4, any policy existed within the Department of Justice concerning double federal-state prosecutions for offenses arising out of the same act or series of acts; if so whether an attached copy of an article from the April 6, 1959 *New York Times* accurately recited the substance of any such policy; if the cited article did not reflect any such policy accurately to state the substance of the policy that did exist; a list of the names of all persons participating in the decision to prose-

---

1. Petitioner makes other contentions in support of his claim for relief, including that his counsel at trial was not competent and that his prosecution in case 73–CR–144–W–4 following the State of Missouri prosecution for the same acts constituted double jeopardy. This Court expresses no opinion as to those contentions in the context of this memorandum.

cute the petitioner in case 73–CR–144–W–4; what "compelling reasons" existed for this petitioner's prosecution in that case, and for identification and production of any writings reflecting such reasons; whether any assistant Attorney General had authorized the prosecution of petitioner in that case; and whether any authorization had even been sought for the prosecution of petitioner in that case. The United States responded by questioning the propriety of interrogatories in a proceeding under § 2255, and further indicated that in its opinion the material requested by petitioner was wholly immaterial and irrelevant. The asserted basis for this contention was that

". . . each of the interrogatories propounded . . . (to) the respondent are objectionable for the reason that they are irrelevant, immaterial, and inquire into the administrative processes affecting policy decisions within the Department of Justice, the answers of which, regardless of what they may be, cannot affect the defendant's case or the motion pending since they involve executive branch decisions, as contemplated by the Constitution, and, therefore, it is respectfully suggested, are not within the jurisdiction of this Court."[2]

Prior to initially ruling on petitioner's response to respondent's objections to interrogatories, which this Court treated as a motion to compel answers under the provisions of Rule 37 F.R.Civ.P., this Court's research indicated that the Eighth Circuit had on three separate occasions commented on a Department of Justice policy contention raised on direct appeal by defendants in criminal prosecutions similar to the contention raised by petitioner in this proceeding. First, in United States v. Synnes, 438 F.2d 764 (8th Cir. 1971), the court considered this argument in the context of a contention that in violating a policy of the

type asserted to exist by petitioner the United States had abused its prosecutorial discretion. In *Synnes* the court merely stated that "We do not find adequate support in this record to justify setting aside the conviction for an abuse of prosecutorial discretion". In United States v. Mechanic, 454 F.2d 849 (8th Cir. 1971) the court was confronted with the argument that a policy of the Department of Justice, as enunciated in a "Memorandum to the United States Attorneys" issued on April 6, 1959 by then Attorney General William Rogers, prohibited the prosecution of the defendant due to a previously successful state prosecution and because no approval had been obtained from the Attorney General for the prosecution. In response to this contention the court stated:

"This is not the first time this argument has been raised before this Court, and we admit that it troubles us. The policy established by the memorandum is wise and ought to be followed. But here, as in United States v. Synnes, *supra* at 773, n. 11, we do not find adequate support in the record to justify setting aside . . . (the) . . . conviction."

Finally, in the summer of 1974 the Eighth Circuit issued its decision in United States v. Ackerson, 502 F.2d 300 (8th Cir. 1974). In considering the appellant's contention that his conviction was barred by the Department of Justice policy concerning double state-federal prosecutions, the Court stated as follows:

"The defendant claims further that his prosecution by the federal government violates a Department of Justice policy under which persons convicted in state court for a crime involving the same acts are not federally prosecuted unless compelling reasons are present and specific approval is obtained from a designated Assistant

---

2. Although the respondent refers to the "defendant's case", it is obvious that respondent is intending to refer to the "petitioner's case", and is referring to petitioner Haley in his status as a defendant in case 73–CR–144–W–4.

Attorney General. The alleged policy statement was not made a part of the record, and the claim was not presented to the District Court. On this record, we are, therefore, unable to say that there is such a policy. Thus, we are not prepared to express an opinion as to the effect on a prosecution of not following the policy if there, in fact, is one. *But see*, United States v. Hutul, 416 F.2d 607, 626–627 (7th Cir. 1969), cert. denied 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970)."

Mindful of the language of these cases (although not expressly so stated in this Court's subsequent order), and not being advised as to (1) whether any such policy existed, and if so (2) whether such policy was in the form of an informal guideline issued by the Attorney General, a formal regulation adopted by the Department of Justice, or any other form, this Court directed the United States to answer the interrogatories submitted by the petitioner.[3] The United States responded by moving that this Court reconsider its decision to order the United States to answer the interrogatories. The United States then further responded to the Court's order directing that the interrogatories be answered by filing supplemental suggestions in support of its motion for reconsideration of the order directing the interrogatories to be answered. Although not filing answers to the interrogatories, the United States does state in its supplemental suggestions, in summary, the following:

1) That a policy regarding federal prosecutions for acts arising out of the same acts for which an individual had been prosecuted in state court did exist at all times relevant to petitioner's prosecution in case 73–CR–144–W–4, and that the general policy as enunciated in the April 6, 1959 article in the *New York Times* (a copy of which has been supplied to the court by petitioner) was an accurate reflection of that policy;

2) That in case 73–CR–144–W–4 approval from the proper official was obtained for Haley's prosecution;[4] and

3) That this policy is merely an internal policy of the Department of Justice setting forth general guidelines to the United States Attorneys and has never been raised to the level of a regulation or statute; that accordingly it does not have the force and effect of law, can be disregarded or amended by the Attorney General at his discretion, and lies totally within the prosecutorial discretion of the executive branch; and that hence, even if violated in this case, such violation cannot be the basis of a successful attack by petitioner Haley on his conviction.

For the reasons set forth below, this Court has concluded that the motion of the United States for reconsideration of this Court's order directing the United States to answer petitioner's interrogatories is well taken, in view of the information submitted by the United States in its supplemental suggestions, and accordingly the order directing the answers to be made will be vacated.

The starting point for analysis in this matter is the decision of the Supreme Court in Sullivan v. United States, 348 U.S. 170, 75 S.Ct. 182, 99 L.Ed. 240 (1954). In *Sullivan* the defendant entered pleas of nolo contendere to two violations of the income tax laws. On appeal the defendant suggested that the United States Attorney had presented evidence to the grand jury which returned the indictment of Sullivan without receiving prior authorization from the Attorney General pursuant to "Cir-

---

3. It is worth note, as will be more clearly expressed *infra* in this memorandum, that the Seventh Circuit in *Hutul, supra*, cited by the Eighth Circuit in *Ackerson, supra*, inferred that if the policy was a formally adopted and issued regulation of the Department of Justice a claim such as that raised by petitioner herein would have to be carefully examined.

4. The United States does not indicate when such approval was obtained.

cular Letter No. 2431" of the Department of Justice which provided that

". . . all United States Attorneys are directed to present evidence to a grand jury concerning violations of revenue laws of the United States *only when authorized to do so by this office,* unless an emergency calls for immediate action, in which event a full report should promptly be submitted." See Sullivan v. United States, supra, at footnote no. 3. (Emphasis supplied).

Circular Letter No. 2431 was issued pursuant to an Executive Order (No. 6166) which, among other things, transferred the primary responsibility for prosecution of offenses and civil suits to the Department of Justice. It was admitted in *Sullivan* that no authorization was received from the Attorney General to present evidence concerning Sullivan to the grand jury, nor was any emergency present.

The court first noted that the Circular Letter was not promulgated as a regulation and published in the Federal Register, and was

". . . simply a housekeeping provision of the Department and was not intended to curtail or limit the well-recognized power of the grand jury to consider and investigate any alleged crime within its jurisdiction."

Therefore, the court concluded that

". . . the letter had no . . . restrictive effect and that the grand jury in this case was free to consider the evidence put before it by Government counsel without authorization from the Attorney General's office in Washington. The evidence was presented by the District Attorney, who was a representative of the Department of Justice, notwithstanding that he failed to comply with the departmental directive. For this he is answerable to the Department, but his

action before the grand jury was not subject to attack by one indicted by the grand jury on such evidence."

*Sullivan, supra,* 348 U.S. at 173, 174, 75 S.Ct. at 184, 185.

The policy against double prosecutions was enunciated by Attorney General William Rogers in April of 1959 in a memorandum to United States Attorneys. The gist of this informal policy is that although prosecutions for the same act or series of acts by both the United States and a state do not violate double jeopardy (citing Abbate v. United States, and its companion, Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L. Ed.2d 684 (1959)), such prosecutions by two sovereigns may not be in the public interest in view of the desirability of cooperation between federal and state authorities. Therefore, the memorandum concludes,

". . . no federal case should be tried when there has already been a state prosecution for substantially the same act or acts without the United States Attorney first submitting a recommendation to the appropriate Assistant Attorney General in the Department. No such recommendation should be approved by the Assistant Attorney General in charge of the Division without having it first brought to my attention."[5]

The following year, in Petite v. United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), the Solicitor General requested the Supreme Court to vacate the conviction of the defendant therein, after it had been affirmed by the Court of Appeals, and remand the case with directions that the indictment be dismissed for failure of the United States Attorney to comply with the policy against double prosecutions enunciated by Attorney General Rogers in his April, 1959, memorandum to United States Attorneys. The Supreme Court

---

5. The full text of the press release and of the memorandum from Attorney General Rogers to the United States Attorneys appears in the court's opinion in United States v. Mechanic, *supra,* 454 F.2d at 855–856.

agreed without expressing any opinion as to the double jeopardy contentions raised by the defendant, or any opinion as to the legal effect of the Department of Justice policy. The Solicitor General has continued to request the Supreme Court to follow this procedure where the Department of Justice deems appropriate.[6]

The only appellate case in which the court has been squarely faced with the assertion that a prosecution should have been barred by the department policy in issue in this case was apparently United States v. Hutul, 416 F.2d 607, 626 (7th Cir. 1969), certiorari denied 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970). In that case the court expressly rejected the contention that a prosecution by the United States could be invalidated for failure of the United States Attorney to seek prior authorization of the Department of Justice for the prosecution which had followed a prosecution in state court arising out of the same acts. Relying upon the clear language of Sullivan v. United States, *supra,* the Seventh Circuit held that this policy promulgated by Attorney General Rogers, and still effective in the late 1960's at the time of Hutul's prosecution, was not a regulation of the Justice Department, had not been published in the Federal Register, and was merely a "housekeeping provision" of the Justice Department and could not serve to void the duly returned indictment of the grand jury. In *Ackerson, supra,* the Eighth Circuit has evidently approved of this holding in *Hutul.* See Ackerson v. United States, 502 F.2d 300, 302 (8th Cir. 1974).

▪ The holdings of *Sullivan and Hutul* compel the result in this case that even if the United States Attorney did not explicitly comply with the provisions of the general guidelines of the Department of Justice concerning dual federal-state prosecutions for crimes arising out of the same act or acts, the petitioner may not assert that failure to comply as a basis for invalidating his conviction of an offense for which he was indicted by a duly empaneled grand jury acting within its jurisdiction. The April, 1959 memorandum of Attorney General Rogers has not been reduced to a regulation, nor has it been published in the Federal Register. As such, it is clearly simply a "housekeeping provision" of the Department of Justice, as that term is used in *Sullivan,* and cannot serve as a basis to invalidate the petitioner's conviction in case 73–CR–144–W–4 even if not followed by the United States Attorney in presenting evidence to the grand jury leading to Haley's indictment in that case. As noted in *Sullivan,* the only remedy for failure of a United States Attorney to comply with this informal policy lies within the Department of Justice.

▪ For the above reasons, it is apparent, even if the policy of the Department of Justice against dual state-federal prosecutions was not complied with in petitioner's criminal prosecution, petitioner can not prevail upon his motion under 28 U.S.C. § 2255 on this basis. Hence, it is neither relevant nor material to this case whether that policy was complied with by the United States Attorney prior to presenting evidence to the grand jury, nor is the information sought in petitioner's interrogatories reasonably calculated to lead to the discovery of evidence admissible in this case. It is therefore

Ordered that respondent's motion for reconsideration of this Court's April 15,

6. As noted in the United States Attorneys Bulletin, Vol. 23, No. 6 (March 21, 1975) at p. 234, the Solicitor General has recently asked the Supreme Court to vacate convictions on this basis in Hayles v. United States, 419 U.S. 892, 95 S.Ct. 168, 42 L.Ed. 2d 136, and in Ackerson v. United States, 419 U.S. 1099, 95 S.Ct. 769, 42 L.Ed.2d 796. *Ackerson,* of course, is the Eighth Circuit case mentioned *supra* in which the court cites United States v. Hutul, *supra.*

**1028**

1975 order directing the respondent to answer petitioner's interrogatories be and hereby is sustained, and that order is hereby vacated. Petitioner's motion to compel answers to those interrogatories is accordingly hereby denied.