Thomas E. MASON, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 90–1451.

United States Court of Veterans Appeals.

Submitted Nov. 15, 1991.

Decided June 18, 1992.

Andrew H. Marshall (non-attorney practitioner) was on the brief, for appellant.

Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel,

and Rosaline E. Masciola, Washington, D.C., were on the pleadings, for appellee.

Before NEBEKER, Chief Judge, and FARLEY and IVERS, Associate Judges.

PER CURIAM:

Appellant, Thomas E. Mason, appeals from a September 13, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied an earlier date for appellant's monthly compensation award under 38 U.S.C. § 1114(k) (formerly § 314(k)) for loss of a creative organ. On June 17, 1991, appellant filed a brief, arguing for reversal on the ground that the BVA erred as a matter of law. On August 21, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief, and for a stay of further proceedings. This Court has jurisdiction to hear this case under 38 U.S.C. § 7252 (formerly § 4052).

Appellant served in the United States Army from August 3, 1950, to September 28, 1950. R. at 6. On January 31, 1951, he was granted service connection for removal of his right testicle and assigned a ten-percent disability rating, effective on September 29, 1950. R. at 7. This rating was confirmed and continued in two subsequent rating decisions, dated July 13, 1951, and March 4, 1952. R. at 10, 13. On August 1, 1952, 38 U.S.C. § 314(k) (now § 1114(k)) went into effect for veterans of World War II and the Korean Conflict. *See* Veterans Disability Compensation Act, Pub.L. No. 427, 66 Stat. 296 (effective date was the first day of the second calendar month following the date of approval of the Act, i.e., June 30, 1952). That statute allows a veteran to receive a monthly compensation for the service-connected "loss or loss of use of one or more creative organs," in addition to his service-connected rating. Appellant did not file a claim for this benefit until July 14, 1989. R. at 15–16. In an August 28, 1989, rating decision, the rating board granted appellant a special monthly compensation with an effective date of July 25, 1988. R. at 19. The effective date was established under 38 C.F.R. § 3.114(a)(3) which states:

If a claim is reviewed at the request of the claimant more than 1 year after the effective date of the law or [Department of Veterans Affairs (VA) ] issue, benefits may be authorized for a period of 1 year prior to the date of receipt of such request.

On January 5, 1990, appellant filed a Notice of Disagreement with the rating decision contending that the effective date should date back to the date of the enactment of the law. R. at 23. The Board upheld the denial in its September 13, 1990, decision.

On appeal to this Court, appellant argues that he is entitled to an earlier eligibility date than provided for under 38 C.F.R. § 3.114(a)(3). He asserts that the VA should have awarded special monthly compensation to him in 1954, when the Department underwent a department-wide review of claims of World War II and Korean War veterans to ensure that they were receiving benefits in the appropriate amounts. Appellant's brief at 5–6. The Court does not find merit in this argument. The department-wide review of claims appears to have been instigated as a matter of policy by the VA Administrator and not by an Act of Congress. Thus, the VA was not under any legal duty to review all claims submitted to it to ensure that all were correct. Furthermore, the department-wide review was not promulgated as a regulation of the Department nor was it published in the Federal Register. A statement of policy or a housekeeping provision of the Department, does not create substantive rights. *Capitol Federal Savings & Loan Association & Subsidiary v. Commissioner of Internal Revenue,* 96 T.C. 204, 216 (1991) (citing *Sullivan v. United States,* 348 U.S. 170, 75 S.Ct. 182, 99 L.Ed. 210 (1954)). *Cf. Fugere v. Derwinski,* 1 Vet.App. 103 (1990) (VA required by the Administrative Procedure Act and its own policies and regulations to give notice of and opportunity to comment on deletion of a paragraph of its Adjudication Procedure Manual).

Upon consideration of the pleadings, appellant's brief, and a review of the record on appeal, it is the holding of the Court

that appellant has not demonstrated that the BVA has committed either legal or factual error which would warrant reversal or remand. Furthermore, appellant has made no showing here that would indicate that he has, in some way, been discriminated against in such a way as to give rise to a claim that his due process rights have been violated. *See Wayte v. United States,* 470 U.S. 598, 609, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985) (to show a due process violation, petitioner must show that the passive enforcement system had a discriminatory effect, and that the discriminatory effect was motivated by a discriminatory purpose). The Court is also satisfied that the BVA decision satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)), and the benefit of the doubt doctrine of 38 U.S.C. § 5107(b) (formerly § 3007(b)). *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53–57 (1990). It is further held that summary disposition of this claim is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Therefore, the Secretary's motion for summary affirmance is GRANTED and the BVA decision is AFFIRMED.