Filed 2/27/25

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CHARLES DAVID WILSON,<br><br>    Defendant and Appellant. | A168965<br><br>(Alameda County Super. Ct. No. 18CR019576) |

Charles David Wilson pled no contest to kidnapping, and he admitted one aggravating factor and a firearm enhancement. Pursuant to the plea agreement, the trial court imposed a 12-year prison sentence. Wilson later filed a petition for resentencing, but the court concluded it did not have jurisdiction. On appeal, he contends the court erred. We disagree and dismiss the appeal.

### BACKGROUND[1]

In 2018, the prosecution charged Wilson with 14 felony counts. In 2022, he pled no contest to one count of kidnapping, and he admitted using a firearm and one factor in aggravation — the crime involved great violence, bodily harm, the threat of bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness. (Pen. Code, §§ 207, subd. (a), 12022.5, subd. (a), undesignated statutory references are to this code; Cal. Rules of Court, rule 4.421(a)(1).) In exchange, the prosecutor dismissed the remaining

---

[1] We set forth only those facts necessary to the resolution of the issue before us. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851.)

counts and related special allegations and firearm enhancements. The parties agreed to a 12-year sentence — an aggravated eight-year term for kidnapping, and a four-year midterm for using a gun. The trial court imposed the agreed-upon sentence on November 17, 2022.

On March 17, 2023 — 120 days after sentencing — Wilson petitioned the trial court to resentence him under former section 1172.1 and "consistent with the newly issued directives of the Alameda County District Attorney's Office." He attached the "Interim Final Special Directive 23-01.3" (some capitalizations omitted; directive). Its stated purpose was to reduce reliance on enhancements and allegations "to bring balance back to sentencing and reduce recidivism." (Boldface omitted.) It indicated: "Generally, prosecutors shall not file or require defendants [to] plead to sentence enhancements or other sentencing allegations," prosecutors "are prohibited from filing conduct and status enhancements," and "[f]irearm allegations pursuant to Penal Code section 12022.53 shall not be filed [or] used for sentencing." It also specified that, for "PC § 1170(h) eligible felonies probation shall be the presumptive offer." But the policies were presumptive — not mandatory — and they allowed exceptions subject to supervisor approval. As for resentencing, the directive stated, "pursuant to PC § 1172.1(a), if a defendant was sentenced prior to the effective date of this directive and is within 120 days of their sentencing, prosecutors are instructed to stipulate to recall and resentencing upon defense counsel's request in accordance with this directive."

In August, 2023, the trial court determined it did not have jurisdiction to entertain Wilson's petition. It concluded it could only use its " ' "own-motion" ' " jurisdiction if it recalled the sentence within 120 days of the original commitment, and it had not. And it noted that, although Wilson could invite the court to use its own-motion jurisdiction to recall the sentence,

he "lack[ed] standing" to file such a motion himself. It expressed no opinion on the directive.

## DISCUSSION

Wilson contends the directive constitutes a prosecutorial stipulation to, or recommendation for, resentencing, and the trial court therefore erred in finding it had no jurisdiction to consider his petition. We disagree.

"Section 1172.1 provides authority for a trial court to recall the sentences of incarcerated defendants and resentence them under certain circumstances." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 992.) It "is a statutory exception to the general rule that ' "once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence." ' " (*Ibid.*) When Wilson filed his petition, former section 1172.1 gave the court jurisdiction to recall a defendant's sentence " 'within 120 days of the date of commitment on its own motion,' " or — as relevant here — " 'at any time upon the recommendation of the . . . district attorney of the county in which the defendant was sentenced.' " (*People v. Vaesau* (2023) 94 Cal.App.5th 132, 141–142, quoting former § 1172.1, subd. (a)(1).) [2]

Wilson contends that, "under the new directive, recall and resentencing for cases like [his] was already recommended by the district attorney" and "recall was already stipulated." To the contrary, the directive does not constitute a stipulation or recommendation for resentencing within the

---

[2] Effective January 1, 2024, section 1172.1 now allows the trial court, on its own motion, to recall and resentence defendants at any time if the sentencing laws applicable at the time of original sentencing are changed by new statutory authority or case law. (§ 1172.1, subd. (a)(1), as amended by Stats. 2023, ch. 446, § 2.) Wilson does not contend this amendment is relevant to his appeal.

meaning of section 1172.1.  (*Sullivan v. United States* (1954) 348 U.S. 170, 173–174 [Department of Justice internal directive had no effect on court proceedings]; see *People v. Pinholster* (1992) 1 Cal.4th 865, 975 [doubting it is appropriate to take judicial notice of district attorney's office internal memoranda]; see *The Assn. of Deputy Dist. Attorneys etc. v. Gascón* (2022) 79 Cal.App.5th 503, 549, review granted Aug. 31, 2022, S275478 [no enforceable duty to compel prosecutor to exercise discretion in particular fashion].)

*The Assn. of Deputy Dist. Attorneys etc. v. Gascón, supra*, 79 Cal.App.5th 503, review granted, provides guidance.  There, the trial court enjoined a county's district attorney from requiring — via an internal directive — prosecutors to dismiss alleged strikes and sentence enhancements.  (*Id.* at pp. 514–515.)  The Court of Appeal reversed on that issue, reasoning the court did not have the authority to compel the district attorney to exercise his prosecutorial discretion in a particular manner, in part because "the 'public prosecutor has no enforceable "duty" to conduct criminal proceedings in a particular fashion.' " (*Id.* at p. 549.)  Here, for similar reasons, we conclude the directive did not create an enforceable prosecutorial duty to recommend, or stipulate to, Wilson's resentencing. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 453 [prosecutor exercises exclusive professional discretion over the prosecutorial function].)  At most, the directive contained presumptions about how Alameda County prosecutors should approach resentencing, but nothing that would transform the directive into a self-executing stipulation or recommendation.

Nothing in the record forecloses the possibility that the district attorney's office concluded Wilson fell within an exception to the directive's general policy.  Or the prosecutor in this case may have failed to comply with

4

the directive.  If so, such noncompliance might be addressed by the district attorney's office, but it still would not be subject to Wilson's challenge. (*Sullivan v. United States*, *supra*, 348 U.S. at p. 174.)  In any event, we will neither speculate about the inner workings of the district attorney's office, nor will we usurp the prosecutor's discretion to recommend (or not) resentencing.  (*People v. Vaesau*, *supra*, 94 Cal.App.5th at pp. 141–142.)

Wilson's reliance on *People v. Vaesau, supra*, 94 Cal.App.5th 132 is misplaced.  There, the prosecutor filed a motion to resentence — not the defendant.  (*Id.* at p. 140.)  Later, the prosecutor moved to rescind the motion, and the trial court found section 1172.1 required it to grant the request. (*Vaesau*, at pp. 140–141.)  Division One of this court held "a trial court has discretion, but is not required, to terminate a section 1172.1 proceeding when a district attorney identifies a legitimate basis for withdrawing the resentencing request" before it rules on the merits.  (*Id.* at p. 139.)  *Vaesau* did not involve a defendant petitioning for resentencing, much less operation of an internal directive.  (*Id.* at pp. 139–141.)

Wilson concedes that *if* his request was "purely . . . a defendant-initiated request for the court to exercise own-motion jurisdiction," the trial court had no jurisdiction.  We conclude it was.  Thus, the " 'order denying such a motion is nonappealable, and any appeal from such an order must be dismissed.' " (*People v. King* (2022) 77 Cal.App.5th 629, 634.)  Because we do not have jurisdiction, we may not consider Wilson's other arguments or order the abstract of judgment be corrected.  (*Ibid.*; *People v. Mitchell* (2001) 26 Cal.4th 181, 185.)  But we do note that an abstract of judgment "does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize."  (*Mitchell*, at p. 185.)  Nothing in this opinion prevents Wilson from asking the trial court

to correct the asserted errors, or the trial court from correcting them on its own motion.  (*People v. Nesbitt* (2010) 191 Cal.App.4th 227, 233.)

## DISPOSITION

The appeal is dismissed.

_____

RODRÍGUEZ, J.

WE CONCUR:


_____

TUCHER, P. J.


_____

FUJISAKI, J.

A168965; *People v. Wilson*

7

Trial Court: Alameda County Superior Court

Trial Judge: Hon. Thomas E. Stevens

Counsel:

Meredith Fahn, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Assistant Attorney General, and Seth K. Schalit, Deputy Attorney General, for Plaintiff and Respondent.