Johnny BAUGH, Appellant,

v.

UNITED STATES of America, Appellee.

No. 73–2304.

United States Court of Appeals,
Fourth Circuit.

Argued June 11, 1976.

Decided Sept. 16, 1976.

James C. Stearns, Third Year Law Student (Michael E. Geltner, Washington, D. C. [court-appointed counsel] on brief), for appellant.

Marvin L. Smith, Asst. U. S. Atty., Columbia, S. C. (Mark W. Buyck, Jr., U. S. Atty., Columbia, S. C., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, BRYAN, Senior Circuit Judge, and WIDENER, Circuit Judge.

HAYNSWORTH, Chief Judge:

One of the judges of this court originally set this case for oral argument in order to determine whether a trial court can order a defendant to serve consecutive sentences after he has pleaded guilty to possessing stolen money in violation of 18 U.S.C. § 2113(c) and to transporting this money across state lines in violation of 18 U.S.C. § 2314. We hold that there is neither a principle of constitutional law nor a rule of statutory construction which prevents a district judge from imposing consecutive sentences on a defendant who is convicted of both offenses.

It is well established that a defendant may be convicted of two separate offenses arising from a single act or transaction as long as each offense requires proof of a fact which the other does not.[1] Recently, we have had occasion to reaffirm this principle.[2] Unless, then, the two offenses are in law and in fact the same offense, there is no double jeopardy. Section 2113(c) proscribes the act of possessing stolen money while § 2314 proscribes the act of transporting stolen money across state lines. In order to obtain a conviction under § 2314, the government must prove that the offender has crossed a state line with the proceeds. Proof of the interstate element is irrelevant under § 2113. Because the two statutes require proof of different acts to establish the offender's guilt, it is not violative of the double jeopardy prohibition for the court to find him guilty on both counts and to impose consecutive sentences. Therefore, the district court here did not commit constitutional error by accepting Johnny Baugh's plea to both offenses and by sentencing him consecutively.

The more unsettled question at the time this case was set down for argument was

---

1. *Pereira v. United States,* 347 U.S. 1, 74 S.Ct. 358, 98 L.Ed. 435 (1954); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932); *Albrecht v. United States,* 273 U.S. 1, 47 S.Ct. 250, 71 L.Ed. 505 (1927); *Gavieres v.*

*United States,* 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed. 489 (1911).

2. *United States v. Crew,* 538 F.2d 575 (4 Cir. 1976).

whether consecutive sentencing on these particular charges violated the rule of statutory construction laid down by the Supreme Court in *Milanovich v. United States,* 365 U.S. 551, 81 S.Ct. 728, 5 L.Ed.2d 773 (1961) and in *Heflin v. United States,* 358 U.S. 415, 79 S.Ct. 451, 3 L.Ed.2d 407 (1960). In *Heflin,* a prosecution under the federal bank robbery statute [18 U.S.C. § 2113] was at issue. The Supreme Court held, as a matter of statutory construction, that Congress did not intend to punish an offender both for robbing a bank and for receiving the fruits of the robbery. The Court elaborated:

". . . it seems clear that subsection (c) was not designed to increase the punishment for him who robs a bank but only to provide punishment for those who receive the loot from the robber. We find no purpose of Congress to pyramid penalties for lesser offenses following the robbery." *Id.* at 419, 79 S.Ct. at 454.

In *Milanovich,* the Court applied the rule of *Heflin* to another statute, that dealing with the theft of government property [18 U.S.C. § 641]. In both cases, the Court perceived no distinctions in the statutes themselves or their legislative histories justifying a disparate construction. Each statute had an initial provision making the theft itself a crime and a latter provision, added years after the original passage of the statute, making the reception of the stolen goods a crime.

Lately, in *United States v. Gaddis,* 424 U.S. 544, 96 S.Ct. 1023, 47 L.Ed.2d 222 (1976), the Supreme Court reaffirmed the rule of *Heflin.* Clearly, it is now settled that one may not be convicted both of robbing a bank and of receiving the proceeds of the robbery. This conclusion seems compelled by the construction of the particular statutory scheme [18 U.S.C. § 2113] and by logic which instructs us that there is an inherent inconsistency in treating a taking as a receipt.

There has been no suggestion from the Supreme Court, however, that the *Heflin* doctrine applies to statutes which are themselves not components of a single statutory scheme and which are intended to reach separate classes of wrongdoers. Here, Baugh was in two separate classes of wrongdoers. As a receiver and possessor of the stolen money, he was in violation of § 2113(c) and the commission of that offense was in no sense dependent upon any interstate transportation. As a transporter of the stolen money in interstate commerce, he committed a violation of § 2314 when he crossed the state line, a quite different offense from the initial receiving of the funds knowing them to have been stolen. In many contexts the Congress has prohibited the interstate transportation of stolen and illicit goods, and there is reason to believe that penal restrictions upon their mobility inhibit other offenses and assist in bringing wrongdoers to the bar of justice.

We perceive no reason why § 2113(c) and § 2314 should be construed to be mutually exclusive rather than complementary. Thus, both as a matter of constitutional application and of statutory interpretation, Baugh was properly found guilty of both offenses, and there was no error in the imposition of consecutive sentences upon him.

Court assigned counsel advanced other contentions growing out of the post-conviction hearing and the district court's resolution of the factual issues raised in it. We have considered these contentions, but conclude that there was a full and fair hearing, and we find no error in fact or in law in the district court's disposition of the claims.

*AFFIRMED.*