**UNITED STATES of America, Appellee,**

v.

**Wayne Allen MUSGROVE, a/k/a Wayne Douglas Musgrove, Appellant.**

**No. 77–1971.**

United States Court of Appeals,
Fourth Circuit.

Argued July 20, 1978.

Decided Aug. 7, 1978.

Andrew Jay Graham, Baltimore, Md. (Kramon & Graham, Baltimore, Md., on brief), for appellant.

Glenn L. Cook, Asst. U. S. Atty. (Russell T. Baker, Jr., U. S. Atty. and Robert B. Schulman, Asst. U. S. Atty., Baltimore, Md., on brief), for appellee.

Before WINTER and HALL, Circuit Judges, and FIELD, Senior Circuit Judge.

PER CURIAM:

We see no merit in defendant's assignments of error to warrant reversal of his two convictions for possession and interstate transportation of firearms in violation of 18 U.S.C. App. § 1202(a)(1) and 18 U.S.C. § 922(g)(1) and 924, and we affirm.

■ There was no fourth amendment violation for the seizure of the weapon. Defendant was seen to enter a booth in the safe deposit area of the bank with the gun in sight. Even as the lessee of a safe deposit box, he had no proprietary right in the booth. He opened the door to the booth at the knock of the bank manager; and when the police entered to frisk the defendant, the weapon was in plain view, within defendant's reach. There was a reasonable basis for the "stop and frisk," *Terry v. Ohio,* 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968), and the subsequent seizure of the gun was legal. *Harris v. United States,* 390 U.S. 234, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968); *Ker v. California,* 374 U.S. 23, 42–43, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

■ The district court found that the dual prosecution guidelines of the Department of Justice had been satisfied when defendant was subjected to the instant federal prosecution after defendant had been subjected to a state prosecution on the same facts. Even if this finding lacks support, the general rule is that a defendant has no right to have an otherwise valid conviction vacated because government attorneys fail to comply with departmental policy on dual prosecutions. *United States v. Mechanic,* 454 F.2d 849, 856 (8 Cir. 1971), *cert. denied,* 406 U.S. 929, 92 S.Ct. 1765, 32 L.Ed.2d 131 (1972); *United States v. Hutul,* 416 F.2d 607, 626–27 (7 Cir. 1969), *cert. denied,* 396 U.S. 1012, 90 S.Ct. 573, 24 L.Ed.2d 504 (1970); *see also In re Washington,* 544 F.2d 203, 209 (5 Cir. 1976), *rev'd on other grounds sub nom., Rinaldi v. United States,* 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977); *cf. Sullivan v. United States,* 348 U.S. 170, 75 S.Ct. 182, 99 L.Ed. 210 (1954) (failure to comply with departmental policy requiring the Attorney General's authorization before evidence of tax fraud is presented to grand jury does not vitiate indictments returned on the basis of this evidence).

■ There was no error on the part of the district court in permitting defendant to be convicted on both counts. The act of possession and the act of interstate transportation were proved to have occurred several days apart. That two convictions and two sentences are permissible for the separate acts of transporting and possessing is established in this circuit by *Baugh v. United States,* 540 F.2d 1245 (4 Cir. 1976).

■ Reversal is not required because a witness volunteered that in the search of defendant's effects narcotics were found in defendant's shaving kit. The evidence was not admissible, but the error was erased by the district court's immediate curative instruction.

*AFFIRMED.*