972 F.2d 343
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Donald R. HERSHBERGER, Defendant-Appellant.
 No. 91-5819.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 25, 1992
Decided: July 28, 1992
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-89-209)
 John W. Cooper, Cooper & Preston, Parsons, West Virginia, for Appellant.
 William A. Kolibash, United States Attorney, David E. Godwin, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.
 N.D.W.Va.
 Affirmed.
 Before WILKINSON, WILKINS, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donald R. Hershberger pled guilty to bank robbery (18 U.S.C.A. § 2113(a) (West 1984 & Supp. 1991)) and stipulated that he also committed four additional bank robberies. He appeals the sentence he received on the ground that the district court's inclusion of the stipulated robberies in the calculation of his sentence violated double jeopardy and that the court further erred in applying an enhancement for abduction. We review these issues de novo and affirm.
 
 
 2
 Three of the robberies were committed in the Southern District of West Virginia, where federal authorities deferred to state prosecution of the offenses. Hershberger entered a plea of guilty to one robbery in state court and was not prosecuted for the other two; his state sentence was to run concurrently with his federal sentence. Hershberger was charged in the Northern District of West Virginia with the remaining two robberies and abduction of a bank employee. After his guilty plea to one robbery, the other counts were dismissed. All five robberies were used to determine his offense level. See United States Sentencing Commission, Guidelines Manual,s 1B1.2(a) (Oct. 1988).[1]
 
 
 3
 Hershberger contends that this resulted in his being sentenced twice for the same offenses. His claim is unfounded because no violation of the Double Jeopardy Clause occurs even if a defendant is prosecuted for exactly the same conduct by both state and federal authorities. Abbate v. United States, 359 U.S. 187 (1959); United States v. Figueroa-Soto, 938 F.2d 1015 (9th Cir. 1991); United States v. Iaquinta, 674 F.2d 260, 264 n.9 (4th Cir. 1982); United States v. Musgrove, 581 F.2d 406 (4th Cir. 1978). Therefore, inclusion in the offense level calculation of the three robberies which were prosecuted by state authorities and, specifically, the September 1989 robbery on which Hershberger was sentenced in state court, did not violate double jeopardy. Hershberger cites United States v. Koonce, 945 F.2d 1145 (10th Cir. 1991), in support of his argument, but Koonce deals with the use of the same drugs to compute a defendant's offense level in two federal sentences in different federal districts.[2] We find no error in the district court's calculation of Hershberger's offense level.
 
 
 4
 The abduction enhancement contained in guideline section 2B3.1(b)(4)(A) was also properly applied. The guideline provides for an increase of four levels if "any person was abducted to facilitate escape." In four of the five robberies, Hershberger concedes he told a bank employee that he had a gun[3] and forced the employee to accompany him out of the bank and across the street. The definition of "abduction" given in note 1 of the commentary to guideline section 1B1.1 requires nothing more than that a victim be"forced to accompany an offender to a different location." By forcing the bank employee to leave the bank, even temporarily, Hershberger's conduct required application of the abduction enhancement.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The sentencing guidelines in effect at the time the offenses occurred (April-September 1989) were used to avoid an ex post facto problem. United States v. Morrow, 925 F.2d 779 (4th Cir. 1991)
 
 
 [2]
 Moreover, exclusion of the September 1989 robbery would not change Hershberger's offense level. Under guideline section 3D1.4, the offense level is increased by four if there are either four or five units, i.e., separate offenses, which enter into the offense level calculation
 
 
 [3]
 He carried a starter's pistol, which looked like a real gun although it could not fire a projectile