UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                          No. 97-4364

DENNIS J. OWEN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
James C. Turk, District Judge.
(CR-96-10022)

Submitted: February 3, 1998

Decided: March 27, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and PHILLIPS,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John S. Edwards, Roanoke, Virginia, for Appellant. Robert P. Crouch,
Jr., United States Attorney, Anthony P. Giorno, Assistant United
States Attorney, Roanoke, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Dennis J. Owen appeals from his convictions on four counts of mail fraud, 18 U.S.C. § 1341 (1994), and two counts of money laundering, 18 U.S.C. § 1957(a) (1994), for which he was sentenced to thirty-seven months imprisonment. Owen claims that the Government violated the Justice Department's Petite Policy and that, therefore, his guilty plea was involuntary and the indictment should have been dismissed. Owen also claims that his attorney was ineffective for failing to raise these claims before the district court. Finally, Owen claims that the Government breached the plea agreement by failing to move for a downward departure based on substantial assistance.[1] For the reasons that follow, we affirm.

In September 1996, Owen was convicted in Virginia state court of arson arising out of a house fire in 1991. While that charge was pending, a federal investigation resulted in Owen's indictment for mail fraud and money laundering. Ten counts of the indictment were based on Owen's collection of fire insurance proceeds on the residence that was the subject of his state arson conviction. Five counts were based on a 1995 incident in which Owen attempted to collect on his renter's insurance for a sham burglary. Owen entered into a plea agreement with the Government in which he agreed to plead guilty to six counts in exchange for the dismissal of the remaining counts. Although Owen's attorney met with government representatives to determine if Owen could earn substantial assistance credit, Owen failed to cooperate with law enforcement officials and was unsuccessful in providing any information in furtherance of their investigative efforts.[2]

Owen claims, first, that the government violated the Justice Department's Petite Policy and, therefore, the district court erred in denying

_____

[1] **U.S. Sentencing Guidelines Manual**, § 5K1.1 (1995).
[2] The investigation was unrelated to Owen's offense and involved a task force comprised of representatives of state and federal agencies, including the Federal Bureau of Investigation, Bureau of Alcohol, Tobacco and Firearms, the Pittsylvania County Sheriff's Department, the Danville Police Department, and the Virginia State Police.

2

his motions to withdraw his guilty plea and to dismiss the indictment based on that assertion. Owen also claims that he was denied effective assistance of counsel because his attorney failed to obtain a dismissal of the indictment. The "Petite Policy" essentially provides "that no federal case should be tried when there has already been a state prosecution for substantially the same act or acts" unless the appropriate Justice Department officials approve the federal indictment. See United States v. Howard, 590 F.2d 564, 567 n.2 (4th Cir. 1979). Where, as here, the conduct involved in the state prosecution (arson) is different in nature and degree from the federal prosecution (use of the mail to commit insurance fraud), the Petite Policy does not apply. See id. at 567. In any event, the Petite Policy does not confer any substantive rights on criminal defendants. See United States v. Musgrove, 581 F.2d 406, 407 (4th Cir. 1978). Accordingly, the district court did not err in denying Owen's motion to dismiss the indictment based on this claim.

Next Owen contends that the district court erred in denying his motion to withdraw his guilty plea based on his attorney's failure to advise him of the applicability and enforcement of the Petite Policy. The withdrawal of a guilty plea is not a matter of right. See United States v. Ewing, 957 F.2d 115, 119 (4th Cir. 1992). The defendant bears the burden of showing a fair and just reason for the withdrawal even in the absence of a showing of prejudice by the government. See United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). On appeal, the district court's refusal to allow the withdrawal of a guilty plea is reviewed for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996).

Applying the test set out in United States v. Moore, 931 F.2d at 248, we find that Owen did not offer a fair and just reason for withdrawal of his plea. First, Owen did not assert his innocence or that, aside from his contentions regarding the Petite Policy, his plea had been involuntary or unknowing. Second, there was a five-month delay between the entry of his plea and his request to withdraw it. See id. (six-week delay, combined with other factors, supported district court's denial of withdrawal motion). Finally, we find that Owen had the close assistance of competent counsel. Accordingly, we find that the district court did not abuse its discretion by denying Owen's motion to withdraw his plea.

3

Owen claims that he was denied effective assistance of counsel because his attorney failed to pursue dismissal of the indictment under the Petite Policy. A claim of ineffective assistance of counsel should be raised by motion under 28 U.S.C.A. § 2255 (West 1994 & Supp. 1997), and not on direct appeal, unless it "conclusively appears" from the record that counsel did not provide effective assistance. United States v. DeFusco, 949 F.2d 114, 120-21 (4th Cir. 1991). Because it does not conclusively appear from the face of the record that Owen's defense counsel failed to provide effective representation, Owen should assert this claim in a § 2255 proceeding.

Finally, Owen claims that the Government breached the plea agreement by "failing to provide the opportunity to earn substantial assistance credit." The plea agreement clearly reserves to the Government the sole discretion to decide whether to file a motion for a downward departure based upon substantial assistance. The Government did not breach the plea agreement by failing to move for a reduction because no enforceable obligation was created in the plea agreement and Owen has made no showing that the decision was based on an unconstitutional motive. See Wade v. United States , 504 U.S. 181, 185-86 (1992); United States v. Wallace, 22 F.3d 84, 87 (4th Cir. 1994). In any event, the district court found that Owen was provided a reasonable opportunity to earn substantial assistance credit but failed to do so.

Accordingly, we affirm Owens's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4