**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.

CHERYL DAWN MORGAN PETERS,
a/k/a Kim Collins, a/k/a Cindy
Jacobs, a/k/a Dawn Peterson, a/k/a
Cheryl Dawn May,
            *Defendant-Appellant.*

No. 01-4502

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-00-50)

Submitted: November 30, 2001

Decided: December 18, 2001

Before NIEMEYER and MICHAEL, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Stephen P. Lindsay, CLONINGER, LINDSAY, HENSLEY, SEAR-
SON & ARCURI, P.L.L.C., Asheville, North Carolina, for Appellant.
Robert J. Conrad, Jr., United States Attorney, Thomas R. Ascik,
Assistant United States Attorney, Asheville, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Cheryl Dawn Peters was charged with, and pled guilty, to a single count of conspiracy to possess with intent to distribute a quantity of methamphetamine, in violation of 21 U.S.C.A. §§ 841(a)(1), 846 (West 1999). In determining Peters' offense level, the district court assessed two points for a state drug conviction for possession of the controlled substance hydrocodone. Peters' total offense level was thirty-one and her criminal history category III, with a resultant imprisonment range of 136 to 168 months. The district judge sentenced Peters to 135 months' imprisonment and five years supervised release.

Peters first claims that the district court erred in failing to reduce her federal sentence by the seventeen months that she served in state prison for related drug convictions. She cites to North Carolina state law prohibiting subsequent state prosecution of drug offenses already prosecuted in either federal or other state jurisdictions, and to federal "Petite Policy," an internal policy enacted by the Department of Justice to prohibit similar double prosecutions. Peters claims that the fact that she was prosecuted first in state court and served her sentence there prior to the initiation of the federal prosecution against her is unfair considering that the reverse would not have occurred under North Carolina law. She therefore claims that, at a minimum, the district court should have given her credit on her federal sentence for the seventeen months she served in state court.

In response to Peters' claims of unfairness made during sentencing, the district court noted, for the benefit of the custodial authorities, the pertinent facts. In the Judgment in a Criminal Case, the district judge specifically called to the attention of the custodial authorities to "consider [the five prior state offenses] in determining the ultimate time [Peters is] to serve under the terms of the Judgment in this Court."

We find no error by the district court. Peters cites to no provision in the sentencing guidelines or at law for the relief she seeks. The United States Sentencing Guidelines contain no provision for credit for discharged prison time. Also, the effect of N.C. Gen. Stat. § 90-97 (1997) to which Peters refers, prohibits the state court of North Carolina from re-prosecuting those already prosecuted through the federal courts for the same offense. By its own terms, the statute does not apply to this case. Moreover, this court has held that the Petite Policy is an internal executive rule of the Department of Justice, not a law, and it confers no substantial rights on a defendant. *United States v. Musgrove*, 581 F.2d 406, 407 (4th Cir. 1978). Finally, prosecution by both state and federal authorities of the same crime is not a violation of constitutional law under the doctrine of dual sovereignty. *United States v. Iaguinta*, 674 F.2d 260, 264 (4th Cir. 1978). Peters' claim of unfairness in the order in which she was prosecuted relative to the state and federal fora has no remedy beyond that already granted her by the district court in its suggestion to the Bureau of Prisons that she be considered for credit for time already served in state court for related conduct.

The second issue Peters raises on appeal is reviewed for plain error, given Peters' failure to object in the district court. *United States v. Olano*, 507 U.S. 725 (1993). She claims that the district court erred when it included in her criminal history calculation two points for the state court conviction set forth in Paragraph 44 of the Presentence Investigation Report. We find that, because the ¶ 44 offense involved hydrocodone and the instant conviction involved methamphetamine, the two cases are not "related" for purposes of *U.S. Sentencing Guidelines Manual* § 4A1.2(a)(2), and the district court did not clearly err in assessing two criminal history points.

Accordingly, we affirm Peters' conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*